

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

                              Criminal Action No.

   v.                       3:06-CR- 414

EDOUIN ST. JEAN,                   PLEA AGREEMENT
               Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GLENN T. SUDDABY, United States Attorney for the Northern District of New York (by Miroslav Lovric, appearing) and Edouin St. Jean (with James Greenwald, Esq., appearing) hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendant:

1.     In return for the consideration described below, Edouin St. Jean agrees as follows:

a.     The Defendant will waive indictment and enter a plea of guilty to a one-count Information charging him with Travel With Intent To Engage In Illicit Sexual Conduct With A Minor, in violation of 18 U.S.C. § 2423(b).

2.     **Potential Penalties.** Edouin St. Jean understands that his guilty plea to Count One will subject him to the following potential penalties:

a.     <u>Maximum term of imprisonment</u>: 30 years.  (18 U.S.C. § 2423(b))

b.     <u>Supervised Release</u>: In addition to imposing any other penalty, the sentencing Court may require the Defendant to serve a term of supervised release of up to life, to begin at the expiration of any term of imprisonment imposed upon him.  (18 U.S.C. § 3583)  Should the Defendant be placed on a term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to 3 years

imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above. Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

        c.      Maximum fine: $250,000. (18 U.S.C. § 3571(b))

        d.      Special Assessment: The Defendant will be required to pay an assessment of $100, which is due and payable at the time of sentencing. (18 U.S.C. § 3013) The Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to the U.S. District Court at the time of his sentencing.

        e.      Interest and penalties: Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the Defendant's sentence, from as early as the date of sentencing.

        f.      Collateral Consequences: Conviction of a felony may result in the loss of certain civil rights, including, but not limited to, the right to vote or the right to possess firearms and may result in deportation or removal from the United States.

        3.      Edouin St. Jean understands that the sentence to be imposed upon him is within the discretion of the sentencing Court, subject to the statutory maximum penalties and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by *United States v. Booker*, 543 U.S. 220 (2005). In imposing the sentence, the Court must take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). While the Court is not ultimately bound to impose a sentence within the applicable

http://localhost:8080

Sentencing Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors.

4.      **Elements of the Offense.** Edouin St. Jean understands the following legal elements of the offense stated in Count One of the Information, and admits that those elements accurately describe his criminal conduct:

*First*: That the Defendant knowingly and intentionally traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with a female minor under eighteen (18) years of age;

*Second*: That the Defendant believed that such individual was less than eighteen (18) years of age;

*Third*: That the Defendant acted knowingly and willfully.

5.      **Factual Basis for the Plea.**   Edouin St. Jean admits the following facts, which establish his guilt on the offense stated in Count One of the Information:

a.      In September of 2006, defendant did in fact communicate by way of computer and the internet as well as telephonically with a 16 year old female minor.  During the time frame of the communications, defendant was residing and located in the state of Massachusetts and the female minor was residing in Tompkins County, New York.  During the communications with the minor, defendant claimed to be 19 years old (when in fact he was 40 years old) and defendant stated that his name was "Steven".  Defendant believed and knew that the female minor was less than eighteen years of age.  Subsequent to the internet and telephonic communications with the 16 year old minor, on September 28, 2006, defendant traveled in his personal vehicle from the state of Massachusetts to Tompkins County, New York for the express purpose of engaging in illicit sexual

conduct with the 16 year old female minor. On September 28, 2006, defendant met with said 16 year old minor in Tompkins County, New York and did engage in sexual conduct with said minor.

b.      The parties incorporate by reference, as further factual admissions by the Defendant, the stipulations as to sentencing factors and issues set forth below.

c.      The Defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the Defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay. The Defendant agrees that his sentence may be determined based upon such judicial fact-finding.

6.      The Defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above, shall be admissible and useable against the Defendant by the United States in any subsequent criminal or civil proceeding, even if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or withdrawn. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

7.      In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees fully to disclose all assets in which he/she has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The

Defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful.

8.      In exchange for the plea of guilty to Count One by Edouin St. Jean and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

a.      It will bring no further federal criminal charges against the Defendant relating to the conduct relating to the above mentioned 16 year old minor committed in September of 2006, which is described in Count One and the Defendant's admissions above, for so long as the guilty plea and sentence on Count One of the Information remain in effect.

b.      If the guilty plea to Count One is later withdrawn or vacated, the charges dismissed or not prosecuted pursuant to this Agreement may be reinstated and prosecuted, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the reinstatement of any such charges. The Defendant waives any defense or objection to the reinstatement and prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

c.      It reserves the right to recommend a specific sentence within the applicable Guidelines range determined by the Court.

d.      The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within Count One.

9.      The U.S. Attorney's Office and Edouin St. Jean agree to stipulate at sentencing to the statements set forth in below, subject to the caveats set forth in subparagraphs b through e.

a.   Stipulations

i.   In the commission of this offense, defendant did in fact misrepresent his identity to the minor; did in fact use a computer and the internet; and did in fact engage in a sexual act with the minor.

ii.   The U.S. Attorney's Office will recommend a 2-level downward adjustment to the applicable Sentencing Guidelines range if, (A) through the time of sentencing, the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government for the offense of conviction, as defined in U.S.S.G. § 3E1.1(a); and (B) the Government does not learn of new evidence of conduct committed by the Defendant, either before or after his guilty plea, that constitutes "obstruction of justice," as defined in U.S.S.G. § 3C1.1. If the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government and promptly enters a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently, the U.S. Attorney's Office may, in its sole discretion move for an additional downward adjustment of 1 level, if the Defendant otherwise qualifies under U.S.S.G. § 3E1.1(b).

b.   Until the Probation Office has fully investigated the defendant's criminal history, it is not possible to predict with certainty the Defendant's Criminal History Category and, in some cases, his total offense level.

c.   It is understood that these stipulations cannot and do not bind the sentencing Court, which may make independent factual findings by a preponderance of the evidence and may reject any or all stipulations between the parties. The rejection of any or all stipulations by the Court will not be the basis for the withdrawal of a plea of guilty by the Defendant, and will not release

6

either the U.S. Attorney's Office or the Defendant from any other portion of this Agreement, including any other stipulations agreed to herein.

       d.      No stipulation in this Agreement shall affect the parties' respective obligations to ensure that, to the extent possible, the Court has all information pertinent to its determination of an appropriate sentence. The parties may provide any such factual information to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report, and agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this Agreement.

       e.      To the extent the stipulations above do not reflect agreement on any factor or issue potentially affecting the applicable advisory Sentencing Guidelines range, the Defendant and the U.S. Attorney's Office each expressly reserves the right to advocate if, and how, any such factor or issue would apply under the Sentencing Guidelines.

      10.      The Defendant understands that any estimate of the Defendant's total offense level, criminal history score, and/or Sentencing Guidelines range provided before sentencing is preliminary and is not binding on the parties to this Agreement, the Probation Office, or the Court.

      11.      This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities. Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability or proceedings relating to the forfeiture of assets or proceedings by the Department of

Homeland Security, Bureau of Citizenship and Immigration Services relating to the immigration status of the Defendant.

12.    The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the U.S. Probation Office.

a.    If the Court rejects the provisions of this Agreement permitting the Defendant to plead guilty to Count One in satisfaction of other charges, which provisions were negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(A), the Court will afford the Defendant an opportunity to withdraw his plea of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

b.    The Court is not bound by any recommendation, stipulation, or request made by the parties, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as to the appropriate sentence, and the Defendant may not withdraw his/her plea of guilty if the Court declines to follow any such recommendation, stipulation, or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the Defendant's sentence, whether or not such decision is consistent with this Office's recommendations, stipulations, or requests.

13.    The Defendant acknowledges that he has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions.

a.    The Defendant understands his right to assistance of counsel at every stage of the proceeding and has discussed his constitutional and other rights with defense counsel. The Defendant understands that by entering a plea of guilty, he will be giving up his rights (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial

by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present evidence in his/her defense; and (vi) to remain silent and refuse to be a witness against him/herself by asserting the privilege against self-incrimination.

b.      The Defendant has been advised by defense counsel of the nature of the charges to which he is entering a guilty plea and the nature and range of the possible sentence. The Defendant understands the sentencing Court's obligation to consider the United States Sentencing Guidelines and the Court's discretion to depart from those Guidelines under some circumstances or otherwise to impose a reasonable sentence outside of the applicable Sentencing Guidelines range.

14.      **Waiver of Appeal and Collateral Attack.** The Defendant acknowledges that, after consultation with defense counsel, he/she fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 70 months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed. The Defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court. The Defendant agrees that, should the sentence imposed exceed 70 months, this would not permit him to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely allow the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

15.     No promises, agreements or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless memorialized in writing and signed by all parties.  This Agreement, to become effective, must be signed by all of the parties listed below.

GLENN T. SUDDABY
United States Attorney
Northern District of New York

Dated: _____10/16_____, 2006     By: _____

Miroslav Lovric
Assistant U.S. Attorney

Dated: _____October 12_____, 2006     _____

Edouin St. Jean
Defendant

Dated: _____October 12_____, 2006     _____

James Greenwald, Esq.
Attorney for Defendant
Bar Roll No. 505652