IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

v.

Criminal Action No.
06-CR-414
[TJM]

EDOUIN ST. JEAN,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## GOVERNMENT'S RESPONSE TO DEFENDANT'S 2255 MOTION

### PROCEDURAL BACKGROUND OF THE CASE:

On October 20, 2006 in connection to Information 06-CR-414, defendant waived indictment by a grand jury and entered a plea of guilty to Count 1 of the Information which charged defendant with Traveling With Intent To Engage In Illicit Sexual Conduct With A Minor pursuant to Title 18 U.S.C. 2423(b). In pleading guilty to Count 1 of the Information, defendant also entered into and executed a plea agreement with the government which is binding upon defendant.[1] The plea agreement was filed with this Court on the date of defendant's plea during the plea proceedings.[2]

In that plea agreement, defendant agreed to numerous facts, sentencing factors, provisions of law, and also agreed to a waiver of appeal and collateral attack, as they relate to his guilty plea to count 1. In that plea agreement, defendant agreed and stated that in September of 2006, defendant did in fact communicate by way of computer and the internet as well as telephonically with a 16 year old female minor. During the time frame of the communications, defendant was residing and located in the state of Massachusetts and the female minor was residing in Tompkins County, New York. During the communications with the minor, defendant claimed to be 19 years old (when in fact he

---

[1]Attached as **Exhibit 1** is a copy of the plea agreement.

[2]Attached as **Exhibit 2** is a copy of the plea proceedings transcripts.

was 40 years old) and defendant stated that his name was "Steven".  Defendant believed and knew that the female minor was less than eighteen years of age.  Subsequent to the internet and telephonic communications with the 16 year old minor, on September 28, 2006, defendant traveled in his personal vehicle from the state of Massachusetts to Tompkins County, New York for the express purpose of engaging in illicit sexual conduct with the 16 year old female minor.  On September 28, 2006, defendant met with said 16 year old minor in Tompkins County, New York and did engage in sexual conduct with said minor.

Also in that plea agreement, defendant agreed to waive the right to appeal his conviction and also  waived the right to appeal or collaterally attack any sentence of imprisonment of 70 months or less.  See attached Exhibit 1.

During the plea proceedings held before this Court on October 20, 2006, defendant was placed under oath by this Court.  See Exhibit 2.  While under oath, defendant told this Court that: defense counsel had explained the Information to him and that he understood it (page 4); that the grand jury waiver had been explained to him and that he understood it (page 6); that no promises or threats were made to induce or force him to waive grand jury indictment (page 6); that defense counsel had explained to him the consequences of pleading guilty and the potential sentences (page 9); that defendant understood those consequences (page 9); that defendant had in fact discussed with defense counsel trial strategies, possible defenses and the chances of winning and losing (page 9); that defense counsel had advised him of all his rights (page 11); that defendant had no questions of the Court regarding his rights (page 11); that defendant was satisfied with the job defense counsel had done for defendant (page 11); that other than what is in the plea agreement no person, defense counsel or otherwise, made any threats or promises to induce or force him to plead guilty (page 11-

12); that he was pleading guilty freely and voluntarily (page 12); that he signed his plea agreement freely and voluntarily (page 17); that he knowingly agreed to the appeal waiver of his conviction, sentence and collateral attack of any sentence of 70 months or less (page 18); that the reason defendant was pleading guilty was because he was in fact guilty (page 19). See Exhibit 2.

On February 23, 2007, defendant appeared before this Court for sentencing.[3] Defendant had no objections to the Pre-Sentence Investigation Report (page 4 of Exhibit 3). At no time prior to sentencing did defendant complain about the performance of defense counsel; at no time did defendant complain about any procedural aspect of the case including arraignment; at no time did defendant request to withdraw his guilty plea; at no time did defendant claim that he had been coerced or forced to plead guilty; at no time did defendant claim that defense counsel coerced or forced him to sign the plea agreement.

Defendant was sentenced to 70 months incarceration.[4]   At no time has defendant filed a notice of appeal or appealed his conviction and/or his sentence.

## 2255 ARGUMENTS:

Defendant has filed a 2255 motion seeking to vacate his conviction, set aside his sentence of 70 months incarceration, and to dismiss the indictment with prejudice.  The arguments presented in defendant's 2255 motion are presented for the first time ever, in that, defendant has never appealed his conviction or sentence. Defendant failed to file a notice of appeal and failed to appeal

---

[3]Attached as **Exhibit 3** is a copy of the sentencing proceedings transcripts.

[4]Attached as **Exhibit 4** is a copy of the Judgment of Conviction (J&C).

his conviction or his sentence. Defendant's 2255 motion is without merit in all respects and it should be denied.

**Defendant Waived The Right To Appeal And To File This 2255 Motion**:

Defendant entered into a binding plea agreement with the government which in return allowed defendant to plead guilty to a one-count Information and thereby he received as consideration the assurance from the government that no further charges relating to this minor would be brought against defendant.[5] In that binding plea agreement, defendant waived all of his rights to collaterally attack and appeal his conviction and sentence, so long as his sentence was 70 months or less. See Exhibit 1, plea agreement at page 9. Paragraph 14 of the plea agreement reads in relevant part, "The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 70 months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed.". Furthermore, under oath and before this Court, defendant again waived these rights in open court during the plea proceedings and told this Court that he understood what he was doing and that he was doing so freely and voluntarily. See Exhibit 2, Plea Proceedings Transcripts at pages 17-18. Defendant confirmed to do this Court, under oath, that he understood these rights and was voluntarily and knowingly waiving these appellate rights and rights to collaterally attack his sentence.

---

[5]Other additional charges that defendant could have faced included Coercion and Enticement in violation of Title 18 U.S.C. 2422(b) and which carried a mandatory minimum of 10 years.

Defendant has thereby waived the right to bring this 2255 motion and this motion should therefore be dismissed. Defendant was sentenced to 70 months incarceration. Pursuant to the binding plea agreement, he is precluded from filing this 2255 motion. The uncontradicted record reflects that defendant knowingly and voluntarily signed a Plea Agreement that included a paragraph stating, in substance, that he waived all rights to appeal or collaterally attack his conviction or any sentence that was 70 months or less.

The Second Circuit has repeatedly upheld such waivers where the sentence is within the range set out in the plea agreement and the plea agreement was entered into knowingly, voluntarily and with an awareness that the defendant was waiving his right to appeal or collaterally attack his sentence. Garcia-Santos v. United States, 273 F.3d 506, 509 (2d. Cir. 2001)(per curiam); United States v. Yemitan, 70 F.3d 746, 747 (2d Cir. 1995); see also United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d. Cir. 1993) (stating that "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless"). The transcript of defendant's guilty plea (Exhibit 2, pages 1-22) clearly demonstrates that he entered his Plea Agreement knowingly, intelligently, and with a full awareness that he was waiving his right to collaterally attack his sentence. Furthermore, defendant made no attempt to appeal his conviction or sentence despite being advised by this Court of that right at the time of sentencing (see Exhibit 3, Sentencing Proceeding, page 15), and he has not asserted in this matter that he did not understand the waiver at the time he signed the Plea Agreement. These circumstances satisfy "[e]ach of the

critical factors discussed in Garcia-Santos" making the waiver enforceable. Snoussi v. United States, 2005 WL 2207055, at * 1 (S.D.N.Y. Sept. 9, 2005).

The transcript of defendant's plea (Exhibit 2, pages 1-22) shows that defendant knowingly and voluntarily signed his plea agreement; pleaded guilty; waived his appellate rights; and understood the consequences of doing so. See Exhibit 2, Plea Proceeding. Defendant denied that anybody threatened him to get him to plead guilty; or that any promises were made to him other than what was in the plea agreement. He confirmed that he was "pleading guilty freely and voluntarily" and also that he was satisfied with what defense counsel Greenwald had done for him thus far. Exhibit 2. Furthermore, the Court fully described to defendant the rights he would receive if he went to trial, and advised him that he was waiving those rights by pleading guilty. Defendant stated that his attorney explained the charge and the consequence of pleading, and he confirmed that he understood the charge and the consequences of pleading guilty. Defendant acknowledged that he signed the Plea Agreement after discussing it with his attorney who explained it to him. Exhibit 2. Defendant admitted that he understood what he was doing when he agreed to give up his right to appeal or to collaterally attack the conviction and any sentence of imprisonment of 70 months or less and he did so voluntarily. Exhibit 2. The Court then concluded and found that defendant pled guilty freely and voluntarily; that he is and was competent to enter such a plea; that he understands the charges against him and the consequences of pleading guilty; that there is and was a basis in fact for the Court accepting and entering the plea. Exhibit 2.

Wherefore, defendant's 2255 motion must be dismissed in that he waived the right to bring this 2255 motion so long as his sentence was 70 months or less. Defendant was sentenced to 70 months.

-6-

**Defendant Failed To File An Appeal And Raises Arguments For The First Time:**

Defendant failed to file a direct appeal even though this Court specifically and expressly advised defendant of this right to appeal. See Exhibit 3, Sentencing Proceeding at page 15. At no time has defendant filed an appeal or raised the arguments that he now raises for the very first time in this 2255 motion. A § 2255 motion is not a substitute for an appeal. United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998). "Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence." Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998)(citing Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)); see Arroyo v. United States, 2002 WL 662892, at * 2 (S.D.N.Y. April 22, 2002)(same)(citing Amiel v. United States, 209 F.3d 195, 198 (2d Cir. 2000)). To demonstrate cause, a defendant must be able to show that the factual basis for a claim was not reasonably available, despite the exercise of reasonable diligence. United States v. Helmsley, 985 F.2d 1202, 1205-08 (2d Cir. 1993). The "cause" must be "something *external* to the petitioner, something that cannot fairly be attributed to him ...." Coleman v. Thompson, 501 U.S. 722, 753 (1991)(emphasis in original). Defendant cannot demonstrate this cause on any of his claims. There is no reason why the claims could not have been raised and asserted on direct appeal. His 2255 motion is therefore procedurally barred. In order to establish "actual innocence," a movant must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998). "The Supreme Court in Bousley also made clear that when a habeas petitioner is required to meet the 'actual innocence' standard, he must satisfy a higher hurdle than the 'prejudice' prong of the cause and

prejudice standard." <u>De Jesus v. United States</u>, 161 F.3d 99, 103 (2d Cir. 1998). Any argument of actual innocence by defendant must be rejected in light of the overwhelming evidence of his guilt, in that, he pled guilty before this Court and under oath: admitted his guilt; admitted all the facts recited during the plea colloquy supporting his plea of guilty; admitted under oath all the elements of the crime to which he pleaded guilty; signed a written plea agreement which set forth facts to support the plea; signed a plea agreement admitting to each and every element of count 1; and at no time after pleading guilty and even while being sentenced did defendant claim innocence.

Defendant's 2255 motion should be dismissed in that he raises arguments for the first time in this motion having failed to appeal and raise those arguments on direct appeal. His 2255 motion is therefore procedurally barred.


**Ineffective Assistance Of Counsel Claim:**

Defendant contends that defense counsel was ineffective and thereby violated his sixth amendment right. Defendant fails to set forth a viable claim of constitutional ineffectiveness under the prevailing standard set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In order to state a Sixth Amendment claim for ineffective assistance of counsel, defendant must "(1) demonstrate that [her] counsel's performance 'fell below an objective standard of reasonableness' in light of the 'prevailing professional norms,' and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." <u>United States v. Cohen</u>, 427 F.3d 164, 167 (2d Cir. 2005 )(citations omitted) (quoting <u>Strickland</u>, 466 U.S. at 688, 694). In analyzing the first prong of <u>Strickland</u>, the Court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466

-8-

U.S. at 689.  Because of this presumption, "the burden rests on the accused to demonstrate a constitutional violation." United States v. Cronic, 466 U.S. 648, 658 (1984).  The standard is one of objective reasonableness, and the Strickland test's first prong cannot be met "merely by showing that [her] counsel employed poor strategy or made a wrong decision.  Instead, the petition must establish that [her] counsel 'made errors so serious that counsel was not functioning as the "counsel" guaranteed . . . by the Sixth Amendment.'" Cisse v. United States, 330 F. Supp. 2d 336, 342 (S.D.N.Y. 2004) (quoting Strickland, 466 U.S. at 687); see Kimmelman v. Morrison, 477 U.S. 365, 381 (1985) (Petitioner bears the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." (citing Strickland, 466 U.S. at 688-89).  Furthermore, the Court must evaluate counsel's performance from his perspective at the time of the alleged errors and in the same circumstances. Garcia v. United States, 15 F. Supp. 2d 367, 379 (S.D.N.Y. 1998) (citing Stickland, 466 U.S. at 689). To satisfy the second prong of Strickland, defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  Defendant fails to establish either prong of Strickland.

Defendant cites several claims alleging they constitute ineffective assistance of counsel. Defendant first cites a violation of the speedy trial act pursuant to Title 18 U.S.C. 3161(c)(2). Having failed to raise this before the district court and having failed to appeal this issue, defendant has waived the right to raise this issue on collateral review for the first time.  Furthermore,

-9-

defendant's argument makes no sense. Defendant was not tried or brought to trial within 30 days of his initial appearance on the complaint. There was no trial in this case. Rather, defendant was permitted to plead guilty to an Information instead of having a grand jury indict defendant, possibly on more serious charges. The government allowed defendant to plead guilty to an Information. There was no trial. Section 3161(c)(2) is not triggered and has no application in defendant's case.

Defendant next contends that his defense counsel coerced him into pleading guilty and without discussing potential trial strategies and defenses. Defendant's allegations are directly contradictory to what defendant told this Court under oath during the plea proceedings. The entire record clearly demonstrates that defendant's plea was entered freely and voluntarily and that defendant understood what he was doing. Defendant told this Court under oath that defense counsel had not coerced or forced him to plead guilty. Defendant's current allegations are not only frivolous but they are false. The record proves as much. Furthermore, defendant now contends that his attorney forced and coerced him into waiving his right to file a 2255 motion. This allegation too is contradicted by defendant's sworn statements to this Court at the plea proceedings where defendant told this Court under oath that he understood the waiver and was doing so freely and voluntarily.

Defendant claims that his video arraignment was conducted in a coercive atmosphere. Having failed to ever raise this issue until now, defendant has waived this issue if one even exists. The fact of the matter is that defendant never ever complained or objected to the video arraignment procedure. Having failed to object, defendant cannot now complain about a video arraignment.

Defendant summarily claims and alleges that he requested that his attorney appeal his conviction and sentence. There is absolutely no support offered by defendant for this summary and naked assertion. Defendant's allegation contains no specific information and is not supported by

-10-

anything in the record. Furthermore, defendant freely and voluntarily waived the right to appeal his conviction and any sentence of 70 months or less. He did so under oath during his plea. He was thereafter sentenced to 70 months. His claim now that he instructed his attorney to appeal is not supported by anything in the record nor does he provide any specifics.

Defendant summarily claims that his sentence is unlawful but provides no further specifics other than he would like the Court to send him a copy of the sentencing transcripts. His allegation is therefore without merit and based upon pure conjecture.

In sum, none of defendant's complaints amount to ineffective assistance of counsel. His motion of ineffective assistance of counsel is therefore without merit.

### CONCLUSION

Defendant's 2255 motion should be denied in all respects.

Dated: April 4, 2008

Respectfully submitted,
GLENN T. SUDDABY
United States Attorney

By: Miroslav Lovric
Assistant U. S. Attorney

-11-

## CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM

I hereby certify that on April 4, 2008, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

Copy mailed to defendant.

Miroslav Lovric
Assistant U.S. Attorney

-12-

# EXHIBIT   1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

***********************************

UNITED STATES OF AMERICA

    v.

EDOUIN ST. JEAN,
                 Defendant.

***********************************

Criminal Action No.
3:06-CR- 414

PLEA AGREEMENT

GLENN T. SUDDABY, United States Attorney for the Northern District of New York (by Miroslav Lovric, appearing) and Edouin St. Jean (with James Greenwald, Esq., appearing) hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendant:

1.     In return for the consideration described below, Edouin St. Jean agrees as follows:

    a.    The Defendant will waive indictment and enter a plea of guilty to a one-count Information charging him with Travel With Intent To Engage In Illicit Sexual Conduct With A Minor, in violation of 18 U.S.C. § 2423(b).

2.     **Potential Penalties.** Edouin St. Jean understands that his guilty plea to Count One will subject him to the following potential penalties:

    a.    <u>Maximum term of imprisonment</u>: 30 years. (18 U.S.C. § 2423(b))

    b.    <u>Supervised Release</u>: In addition to imposing any other penalty, the sentencing Court may require the Defendant to serve a term of supervised release of up to life, to begin at the expiration of any term of imprisonment imposed upon him. (18 U.S.C. § 3583) Should the Defendant be placed on a term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to 3 years

imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above.  Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

   c. <u>Maximum fine</u>: $250,000.  (18 U.S.C. § 3571(b))

   d. <u>Special Assessment</u>:  The Defendant will be required to pay an assessment of $100, which is due and payable at the time of sentencing.  (18 U.S.C. § 3013)  The Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to the U.S. District Court at the time of his sentencing.

   e. <u>Interest and penalties</u>:  Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the Defendant's sentence, from as early as the date of sentencing.

   f. <u>Collateral Consequences</u>:  Conviction of a felony may result in the loss of certain civil rights, including, but not limited to, the right to vote or the right to possess firearms and may result in deportation or removal from the United States.

   3. Edouin St. Jean understands that the sentence to be imposed upon him is within the discretion of the sentencing Court, subject to the statutory maximum penalties and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by *United States v. Booker*, 543 U.S. 220 (2005).  In imposing the sentence, the Court must take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).  While the Court is not ultimately bound to impose a sentence within the applicable

2

Sentencing Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors.

4.      **Elements of the Offense.** Edouin St. Jean understands the following legal elements of the offense stated in Count One of the Information, and admits that those elements accurately describe his criminal conduct:

*First*: That the Defendant knowingly and intentionally traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with a female minor under eighteen (18) years of age;

*Second*: That the Defendant believed that such individual was less than eighteen (18) years of age;

*Third*: That the Defendant acted knowingly and willfully.

5.      **Factual Basis for the Plea.**   Edouin St. Jean admits the following facts, which establish his guilt on the offense stated in Count One of the Information:

a.      In September of 2006, defendant did in fact communicate by way of computer and the internet as well as telephonically with a 16 year old female minor.  During the time frame of the communications, defendant was residing and located in the state of Massachusetts and the female minor was residing in Tompkins County, New York.  During the communications with the minor, defendant claimed to be 19 years old (when in fact he was 40 years old) and defendant stated that his name was "Steven".  Defendant believed and knew that the female minor was less than eighteen years of age.  Subsequent to the internet and telephonic communications with the 16 year old minor, on September 28, 2006, defendant traveled in his personal vehicle from the state of Massachusetts to Tompkins County, New York for the express purpose of engaging in illicit sexual

3

conduct with the 16 year old female minor. On September 28, 2006, defendant met with said 16 year old minor in Tompkins County, New York and did engage in sexual conduct with said minor.

     b.    The parties incorporate by reference, as further factual admissions by the Defendant, the stipulations as to sentencing factors and issues set forth below.

     c.    The Defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the Defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay. The Defendant agrees that his sentence may be determined based upon such judicial fact-finding.

     6.    The Defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above, shall be admissible and useable against the Defendant by the United States in any subsequent criminal or civil proceeding, even if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or withdrawn. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

     7.    In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees fully to disclose all assets in which he/she has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The

4

Defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful.

8.      In exchange for the plea of guilty to Count One by Edouin St. Jean and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

        a.      It will bring no further federal criminal charges against the Defendant relating to the conduct relating to the above mentioned 16 year old minor committed in September of 2006, which is described in Count One and the Defendant's admissions above, for so long as the guilty plea and sentence on Count One of the Information remain in effect.

        b.      If the guilty plea to Count One is later withdrawn or vacated, the charges dismissed or not prosecuted pursuant to this Agreement may be reinstated and prosecuted, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the reinstatement of any such charges.  The Defendant waives any defense or objection to the reinstatement and prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

        c.      It reserves the right to recommend a specific sentence within the applicable Guidelines range determined by the Court.

        d.      The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within Count One.

9.      The U.S. Attorney's Office and Edouin St. Jean agree to stipulate at sentencing to the statements set forth in below, subject to the caveats set forth in subparagraphs b through e.

a.    Stipulations

i.    In the commission of this offense, defendant did in fact misrepresent his identity to the minor; did in fact use a computer and the internet; and did in fact engage in a sexual act with the minor.

ii.    The U.S. Attorney's Office will recommend a 2-level downward adjustment to the applicable Sentencing Guidelines range if, (A) through the time of sentencing, the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government for the offense of conviction, as defined in U.S.S.G. § 3E1.1(a); and (B) the Government does not learn of new evidence of conduct committed by the Defendant, either before or after his guilty plea, that constitutes "obstruction of justice," as defined in U.S.S.G. § 3C1.1.  If the Defendant  clearly demonstrates "acceptance of  responsibility" to the satisfaction of the Government and promptly enters a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently, the U.S. Attorney's Office may, in its sole discretion move for an additional downward adjustment of 1 level, if the Defendant otherwise qualifies under U.S.S.G. § 3E1.1(b).

b.    Until the Probation Office has fully investigated the defendant's criminal history, it is not possible to predict with certainty the Defendant's Criminal History Category and, in some cases, his total offense level.

c.    It is understood that these stipulations cannot and do not bind the sentencing Court, which may make independent factual findings by a preponderance of the evidence and may reject any or all stipulations between the parties.  The rejection of any or all stipulations by the Court will not be the basis for the withdrawal of a plea of guilty by the Defendant, and will not release

6

either the U.S. Attorney's Office or the Defendant from any other portion of this Agreement, including any other stipulations agreed to herein.

        d.     No stipulation in this Agreement shall affect the parties' respective obligations to ensure that, to the extent possible, the Court has all information pertinent to its determination of an appropriate sentence.  The parties may provide any such factual information to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report, and agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this Agreement.

        e.     To the extent the stipulations above do not reflect agreement on any factor or issue potentially affecting the applicable advisory Sentencing Guidelines range, the Defendant and the U.S. Attorney's Office each expressly reserves the right to advocate if, and how, any such factor or issue would apply under the Sentencing Guidelines.

        10.     The Defendant understands that any estimate of the Defendant's total offense level, criminal history score, and/or Sentencing Guidelines range provided before sentencing is preliminary and is not binding on the parties to this Agreement, the Probation Office, or the Court.

        11.     This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities.  Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability or proceedings relating to the forfeiture of assets or proceedings by the Department of

Homeland Security, Bureau of Citizenship and Immigration Services relating to the immigration status of the Defendant.

12.     The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the U.S. Probation Office.

a.     If the Court rejects the provisions of this Agreement permitting the Defendant to plead guilty to Count One in satisfaction of other charges, which provisions were negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(A), the Court will afford the Defendant an opportunity to withdraw his plea of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

b.     The Court is not bound by any recommendation, stipulation, or request made by the parties, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as to the appropriate sentence, and the Defendant may not withdraw his/her plea of guilty if the Court declines to follow any such recommendation, stipulation, or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the Defendant's sentence, whether or not such decision is consistent with this Office's recommendations, stipulations, or requests.

13.     The Defendant acknowledges that he has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions.

a.     The Defendant understands his right to assistance of counsel at every stage of the proceeding and has discussed his constitutional and other rights with defense counsel. The Defendant understands that by entering a plea of guilty, he will be giving up his rights (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial

8

by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to

present evidence in his/her defense; and (vi) to remain silent and refuse to be a witness against

him/herself by asserting the privilege against self-incrimination.

        b.    The Defendant has been advised by defense counsel of the nature of the

charges to which he is entering a guilty plea and the nature and range of the possible sentence.  The

Defendant understands the sentencing Court's obligation to consider the United States Sentencing

Guidelines and the Court's discretion to depart from those Guidelines under some circumstances or

otherwise to impose a reasonable sentence outside of the applicable Sentencing Guidelines range.

        14.    **Waiver of Appeal and Collateral Attack.**  The Defendant acknowledges that, after

consultation with defense counsel, he/she fully understands the extent of his rights to appeal, and/or

to collaterally attack the conviction and sentence in this case.  The Defendant waives any and all

rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or

collaterally attack his conviction and any sentence of imprisonment of 70 months or less, including

any related issues with respect to the establishment of the advisory Sentencing Guidelines range or

the reasonableness of the sentence imposed.  The Defendant acknowledges that the number of

months specified above is not a promise of any particular sentence and is not binding on the Court.

The Defendant agrees that, should the sentence imposed exceed 70 months, this would not permit

him to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely

allow the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent

permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

9

15.    No promises, agreements or conditions have been entered into other than those set

forth in this Agreement, and none will be entered into unless memorialized in writing and signed by

all parties.  This Agreement, to become effective, must be signed by all of the parties listed below.

GLENN T. SUDDABY
United States Attorney
Northern District of New York

Dated: _____10/16____, 2006        By: _____

Miroslav Lovric
Assistant U.S. Attorney

Dated: __October 12__, 2006        _____

Edouin St. Jean
Defendant

Dated: __October 12__, 2006        _____

James Greenwald, Esq.
Attorney for Defendant
Bar Roll # 505652

10

# EXHIBIT   2

1

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF NEW YORK

3    ------------------------------------------------------

4    UNITED STATES OF AMERICA,

5                      -versus-                06-CR-414

6    EDOUIN ST. JEAN

7    ------------------------------------------------------

8                    TRANSCRIPT OF CHANGE OF PLEA

9    held in and for the United States District Court, Northern

10   District of New York, at the Federal Building and

11   Courthouse, 15 Henry Street, Binghamton, New York, on

12   October 20, 2006, before the HON. THOMAS J. McAVOY,

13   Senior United States District Court Judge, PRESIDING.

14

15   APPEARANCES:

16

17   FOR THE GOVERNMENT:

18   UNITED STATES ATTORNEY'S OFFICE

19   BY:  MIROSLAV LOVRIC, AUSA

20        Bighamton, New York

21

22   FOR THE DEFENDANT:

23   FEDERAL PUBLIC DEFENDER'S OFFICE

24   BY:  JAMES GREENWALD, AFPD

25        Syracuse, New York

USA vs St. Jean                                    2

1          THE CLERK:  United States of America versus

2     Edouin St. Jean, 2006-MJ-291.  Please come forward and state

3     appearances for the record.

4          MR. LOVRIC:  Miroslav Lovric for the

5     government.  Good morning, your Honor.

6          THE COURT:  Morning, Mr. Lovric.

7          MR. GREENWALD:  Good morning, your Honor.

8     James Greenwald on behalf of Edouin St. Jean and Mr. St. Jean

9     is standing beside me.

10          THE COURT:  Morning, Mr. Greenwald, Mr. St.

11    Jean.

12          THE CLERK:  Would you please state your name

13    for the record.

14          THE DEFENDANT:  Edouin St. Jean.

15          (Defendant was duly sworn).

16          THE COURT:  All right.  As I understand it,

17    Mr. Greenwald, your client, Mr. St. Jean, wishes to waive his

18    right to indictment by a grand jury and enter a plea of

19    guilty to a one-count information prepared by the

20    US Attorney?

21          MR. GREENWALD:  Yes, sir.  That's correct.

22          THE COURT:  Is that your understanding,

23    Mr. Lovric?

24          MR. LOVRIC:  Yes, Judge.

25          THE COURT:  All right.  Mr. St. Jean, would

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

USA vs St. Jean                              3

1   you state your full name once again for us.

2                    THE DEFENDANT:  Edouin St. Jean.

3                    THE COURT:  How old are you?

4                    THE DEFENDANT:  Forty.

5                    THE COURT:  What's your date of birth?

6                    THE DEFENDANT:  March 26, 1966.

7                    THE COURT:  You married?

8                    THE DEFENDANT:  Yes, sir.

9                    THE COURT:  Have children?

10                   THE DEFENDANT:  No, sir.

11                   THE COURT:  Okay.  Tell me a little bit about

12  your educational background.

13                   THE DEFENDANT:  I was -- I graduated high

14  school from Haiti and I came here and I started schooling,

15  massage therapy, about six -- four months ago and I was

16  working for the state when I got arrested.

17                   THE COURT:  All right.  Have you had any

18  alcohol or narcotics in the past 48 hours?

19                   MR. GREENWALD:  Have you had any alcohol or

20  drugs in the last 48 hours?

21                   THE DEFENDANT:  No, sir.

22                   THE COURT:  Are you currently or have you

23  recently been under the care of any physician or psychiatrist

24  or any medical care provider for any physical or mental

25  condition?

                    VICKY ANN THELEMAN, RPR, CRR
                    UNITED STATES DISTRICT COURT

USA vs St. Jean                                    4

1           THE DEFENDANT:  Not mental.

2           THE COURT:  For a physical condition?

3           THE DEFENDANT:  Physical, as far as, like acid

4    reflex and stuff like that.

5           THE COURT:  You taking any medication at the

6    present time?

7           THE DEFENDANT:  Yes.  I'm taking Prilosec for

8    it.

9           THE COURT:  Is that in any way interfering

10   with your ability to understand the charges and the

11   consequences?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  Did the Court appoint

14   Mr. Greenwald to represent you in this case?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Has he shown you a copy of the

17   information?

18          THE DEFENDANT:  Yes, he did.

19          THE COURT:  Did he explain it to you?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Do you understand it?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  You understand that you're being

24   charged with traveling in interstate commerce for the purpose

25   of engaging in illicit sexual conduct with a female minor

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

USA vs St. Jean                                    5

1   under 18 years of age?

2                   THE DEFENDANT:  Yes, sir.

3                   THE COURT:  All right.  Well, you have a

4   constitutional right to be charged by an indictment of a

5   grand jury but you can waive or give up that right and

6   consent to being charged by the information prepared by the

7   US Attorney.  So, instead of an indictment this felony charge

8   is going to be brought against you by the US Attorney filing

9   the information with the Court.  But unless you waive your

10  right to indictment you can't be charged with a felony unless

11  a grand jury finds by return of indictment that there's

12  probable cause to believe that a crime was committed and that

13  you committed it.

14                  Now, if you don't waive your right to

15  indictment here this morning, the government may present the

16  case to the grand jury and ask the grand jury to indict you.

17  The grand jury is composed of at least 16 and not more than

18  23 persons and at least 12 grand jurors must find that

19  there's probable cause to believe that you committed the

20  crime with which you're charged before you can be indicted.

21                  Now, if you don't waive your right to

22  indictment here this morning, the government may present the

23  case to the grand jury and ask it to indict you and if so

24  presented, the grand jury may or may not indict you.

25                  Have you discussed with your attorney waiving

USA vs St. Jean                                      6

1   your right to indictment by a grand jury?

2                   THE DEFENDANT:  Yes, sir.

3                   THE COURT:  Do you understand that you do have

4   the right to have this matter presented to and considered by

5   a grand jury?

6                   THE DEFENDANT:  Yes, your Honor.

7                   THE COURT:  Okay.  Has anybody made any

8   promises or threats to you to induce you to waive your right

9   to indictment?

10                  THE DEFENDANT:  No, sir.

11                  THE COURT:  Did you wish to waive your right

12  to indictment by a grand jury?

13                  THE DEFENDANT:  Yes, sir.

14                  THE COURT:  Mr. Greenwald, do you know of any

15  reason why Mr. St. Jean should not waive his right to

16  indictment?

17                  MR. GREENWALD:  No, sir.

18                  THE COURT:  All right.  Do you have the

19  documents prepared?

20                  MR. GREENWALD:  Your Honor, the document, the

21  actual waiver form was just handed to me in Court.  I have

22  executed it and I'm handing it to Mr. St. Jean for his

23  signature.

24                  THE COURT:  Okay.

25                  MR. GREENWALD:  If the Court, please, I'm

USA vs St. Jean                                7

1   handing up a waiver of indictment which has been executed by

2   Mr. St. Jean and myself as his attorney.

3                    THE COURT:  Thank you, Mr. Greenwald.

4                    THE CLERK:  Court assigns this criminal matter

5   to the Binghamton division, case number 06-CR-414.

6                    THE COURT:  All right.  The Court will find

7   that the waiver was made knowingly and voluntarily and will

8   accept the waiver.

9                    Mr. St. Jean, in a few moments I'm going to be

10  asking you some additional questions in order to learn if

11  you're pleading guilty freely and voluntarily with an

12  understanding of the charges and the consequences.  I'm going

13  to be asking you if anybody has made any promises of leniency

14  to you to induce you to plead guilty, except what's in your

15  plea agreement, or if anybody has threatened you with the use

16  of force to induce you to plead guilty.  I'm going to be

17  asking you something about what you did in this case so the

18  Court can find that there's a factual basis for accepting and

19  entering your plea, and I'm going to ask you to reaffirm the

20  information you just gave me a few moments ago about your

21  personal history and background, and I want to advise you if

22  your answers are not truthful, they may later be used against

23  you in a prosecution for perjury or for making a false

24  statement.

25                    Do you understand that?

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

USA vs St. Jean                                    8

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Okay.  Before I ask you those

3    additional questions and before the clerk takes your plea, I

4    want to tell you about some rights that you have in

5    connection with this matter.  First of all, you have the

6    right to enter a plea of not guilty to the information that's

7    just been filed with the Court by the US Attorney and the

8    right to persist in that plea.  You have the right to a

9    speedy and public trial by an impartial jury of 12 persons or

10   to a trial by the Court alone if you were to waive or give up

11   your right to a jury trial.

12          Upon such a trial you would be presumed to be

13   innocent under the law and the burden would be upon the

14   government to establish your guilt beyond a reasonable doubt

15   to the satisfaction of all 12 jurors or to the satisfaction

16   of the Court if you waived a jury trial.  At such a trial

17   you'd have the right to the assistance of an attorney.  You'd

18   have the right to confront, that is, to see and hear any

19   witnesses sworn against you and to cross-examine them.  You'd

20   have the right to remain silent or to testify in your own

21   behalf but you couldn't be compelled to incriminate yourself

22   or to testify at all and your silence couldn't be held

23   against you in anyway nor could any inferences of guilt be

24   drawn against you if you decided not to testify.  You'd have

25   the right to use the subpoena or other processes of the

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

USA vs St. Jean                                      9

1    Court, to compel witnesses to attend the trial and testify

2    and to obtain any documentary or other evidence you might

3    wish to offer in your own defense.

4             Now, if the Court accepts your plea of guilty

5    here this morning, you're going to waive or give up all those

6    rights, there won't be a trial of any kind and the Court will

7    the same power to sentence you as if you had been found

8    guilty after a trial on the count to which you're pleading.

9             Now, you told me a few moments ago that you

10   had read the information, you talked it over with

11   Mr. Greenwald, he explained it to you, and you understood the

12   charge in the information.

13            Was that true?

14            THE DEFENDANT:  Yes, your Honor.

15            THE COURT:  And did you also speak with

16   Mr. Greenwald about the potential sentences or the

17   consequences of pleading guilty?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  Did he explain those to you?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  Do you understand them?

22            THE DEFENDANT:  Yes, your Honor.

23            THE COURT:  Did you speak with Mr. Greenwald

24   about what your chances would be if you decided to go to

25   trial, that is, chances of winning or losing, trial strategy

USA vs St. Jean                                    10

1    and defenses?

2                    THE DEFENDANT:  Yes, your Honor.

3                    THE COURT:  All right.  The Court wants to

4    advise you that your plea of guilty constitutes a waiver or

5    giving up of your right against self-incrimination and I want

6    to warn you not to plead guilty unless you're, in fact,

7    guilty of the charge made against you in the information.

8                    Do you still wish to plead guilty?

9                    THE DEFENDANT:  Yes your Honor.

10                   THE COURT:  Okay.  Madam clerk.

11                   THE CLERK:  As to the information 2006-CR-414,

12   United States of America versus Edouin St. Jean, the United

13   States Attorney for the Northern District of New York

14   charges, as to count one, travel with intent to engage in

15   illicit sexual conduct with a minor.  In and about September

16   of 2006, in the Northern District of New York and elsewhere,

17   Edouin St. Jean, the defendant herein, did travel in

18   interstate commerce for the purpose of engaging in illicit

19   sexual conduct with a female minor under 18 years of age and

20   whose identity is known.

21                   All in violation of Title 18, United States

22   Code, Section 2423(b).

23                   Mr. St. Jean, how do you plead to the

24   one-count information?

25                   THE DEFENDANT:  Guilty.

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

USA vs St. Jean                                11

1              THE COURT:  All right.  Mr. St. Jean, a few

2    moments ago I asked you your name, your age, your date of

3    birth, your marital status, if you had children, a little bit

4    about your educational background.  You told me a little bit

5    about your employment.  I asked you whether or not you were

6    under the influence of any alcohol or narcotics or

7    medications, care and treatment of physicians or

8    psychiatrists or other medical care providers if the Court

9    had appointed an attorney for you and had you read and

10   understood the charge.

11             If I asked you all those same questions again,

12   would you give me all the same answers?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Okay.  Has Mr. Greenwald advised

15   you of your rights in this case?

16             THE DEFENDANT:  Yes, he has.

17             THE COURT:  Is there anything you'd like to

18   ask me about your rights this morning?

19             THE DEFENDANT:  No, your Honor.

20             THE COURT:  Are you satisfied with what

21   Mr. Greenwald has done for you so far?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Has Mr. Greenwald or Mr. Lovric or

24   any public official or anyone made any promises to you that

25   you'd be treated leniently in exchange for your plea of

USA vs St. Jean                                    12

1   guilty, except what's in your plea agreement?

2                  THE DEFENDANT:  No, your Honor.

3                  THE COURT:  Anybody threaten you with the use

4   of force to induce you to plead guilty?

5                  THE DEFENDANT:  No, your Honor.

6                  THE COURT:  Are you pleading guilty freely and

7   voluntarily?

8                  THE DEFENDANT:  Yes, your Honor.

9                  THE COURT:  Are you currently on probation

10  from any other court or parole from any institution?

11                 THE DEFENDANT:  No, your Honor.  It's my first

12  time.

13                 THE COURT:  All right.  Mr. Lovric, does the

14  government have sufficient evidence to prove Mr. St. Jean

15  guilty beyond a reasonable doubt of the charge in the

16  information?

17                 MR. LOVRIC:  Yes, Judge.  If we went to trial,

18  as we've outlined for the defense and provided the discovery

19  to the defense, we would prove the following:  By calling a

20  number of witnesses and also introducing other physical

21  evidence, we would show in September of 2006 Mr. St. Jean

22  who, at the time, was residing in the State of Massachusetts,

23  engaged in communications with a minor.  The minor at the

24  time was residing in Tompkins County, New York which is here

25  in the Northern District of New York.  The communications

USA vs St. Jean                                    13

1    included communication over the internet, as well as

2    telephonic communications.  During the communications between

3    the minor and the defendant, the defendant had represented to

4    the minor that he was 19 years of age when, in fact, he was

5    40 years of age.  He had also indicated that his name was

6    Steven.  The minor and the defendant engaged in conversations

7    and then the defendant, at the end of September,

8    approximately September 28 of 2006, he traveled from the

9    State of Massachusetts for the sole purpose of meeting the

10   minor.  The minor at that time was 16 years of age.  He

11   traveled from Massachusetts to the Northern District of New

12   York, in Tompkins, New York, and his travel was for the

13   purpose of engaging in sexual acts with a minor.  On that

14   date, the defendant did, in fact, meet the minor in Tompkins

15   County and they did engage in a sexual act on that date.

16               THE COURT:  All right.  Mr. St. Jean, did you

17   hear what Mr. Lovric said about what you did in this case?

18               THE DEFENDANT:  Yes, I heard.

19               THE COURT:  Is that what you did?

20               THE DEFENDANT:  Part of it is true.

21               THE COURT:  Well, what part is not true?

22               THE DEFENDANT:  I did not have intercourse

23   with --

24               MR. GREENWALD:  Well, we didn't -- there's

25   nothing here saying you had intercourse with the young lady.

USA vs St. Jean                                                14

1   Sexual contact.

2                THE DEFENDANT:  Okay.

3                THE COURT:  Other than that, is what

4   Mr. Lovric said true?

5                THE DEFENDANT:  Yes.

6                THE COURT:  Is that your understanding,

7   Mr. Greenwald?

8                MR. GREENWALD:  Yes, sir.

9                THE COURT:  Mr. Lovric, would you please

10  advise Mr. St. Jean and the Court what the maximum or any

11  minimum penalty would be for the count involved?

12                MR. LOVRIC:  Yes, Judge.  Under the statute of

13  conviction, the possible maximum penalty is a 30-year

14  penalty.  There is no mandatory minimum.  There's a possible

15  maximum fine of $250,000.  There's a required special

16  assessment of $100.  There's a supervised release term,

17  possible maximum term of life.  If there's a violation of any

18  term of supervised release, the Court would have the power to

19  sentence the defendant to an additional possible maximum term

20  of five years.  I do not believe that the defendant is a

21  nonresident.  I believe he's a US citizen from my

22  information, but in the event that he were to be found not to

23  be a US citizen, then this conviction could also lead to his

24  deportation.  Those are the possible maximum penalties.

25                THE COURT:  What's the situation with the

USA vs St. Jean                                          15

1  statute that Congress is considering introducing, at least as

2  of the first of August of this year, which would mandate a

3  30-year mandatory minimum for someone who crossed the state

4  line for purpose of engaging in sexual conduct with a minor.

5  Is that still not on the books?

6                THE COURT:  [sic] MR. LOVRIC:  To my knowledge, this statute is

7  current.

8                THE COURT:  Okay.  I know we were talking

9  about that at the sentencing seminar in Washington, DC.

10                MR. LOVRIC:  The one revision that I'm aware

11  of occurred in the Adam Walsh Act signed in, I believe, July

12  of this year but that act did not change this statute either,

13  the maximum or any minimums.

14                THE COURT:  Okay.  Mr. St. Jean, I have to

15  advise you under and pursuant to certain sentencing

16  guidelines adopted by the United States, which heretofore

17  were mandatory and now must be considered by the Court as

18  part of what it considers when it sentences you, my

19  discretion thereby is affected and I must enforce the law as

20  it stands today but sometimes the Court can sentence you

21  above the guidelines or below the guidelines or even outside

22  the guidelines depending upon the facts, the circumstances

23  and the law that's presented to the Court at or about the

24  time of sentencing.

25                So, do you understand what I just said about

USA vs St. Jean                                16

1    the sentencing guidelines?  You don't.  I'll try to explain

2    it a little further to you.

3                    THE DEFENDANT:  Yeah.  Explain it.

4         (Discussion between Mr. Greenwald and defendant

5                         off the record)

6                    THE COURT:  He told you about it?

7              MR. GREENWALD:  Yes.

8                    THE COURT:  So, do you understand about the

9    guidelines?

10                   THE DEFENDANT:  Yes.  Yes, sir.

11                   THE COURT:  All right.  Mr. Lovric, have you

12   done a preliminary guideline calculation?

13                   MR. LOVRIC:  Yes, Judge.  The guideline

14   Section 2G.1.3 is the applicable guideline provision in our

15   view.  Base offense level is a 24.  We believe that there are

16   three enhancements that will apply.  The first in that the

17   defendant misrepresented his identity.  There's a two-point

18   enhancement.  A computer was used which would be another two

19   point enhancement and then that some type of sexual conduct

20   or some type of sexual touching occurred would be an

21   additional two points.  We believe that the total offense

22   level would be a 30.  If the Court grants a three level

23   acceptance, it would bring the total offense level then to be

24   a 27.  I do not believe Mr. St. Jean has any criminal

25   history.  I think he's a criminal history one but it's

                    VICKY ANN THELEMAN, RPR, CRR
                    UNITED STATES DISTRICT COURT

USA vs St. Jean                                    17

1    possible there is something in his background we're not aware

2    of.  Possible guideline ranges at a level 30, criminal

3    history one, the range is 97 to 121 months.  At the highest

4    criminal history of six, it would be 168 to 210 months.  At

5    offense level 27, criminal history one, the range is 70 to 87

6    months.  And then at the highest criminal history is 130 to

7    162 months but, again, I have reason to believe that he will

8    be at the lower end of the criminal history scoring.

9                   THE COURT:  Okay.  Mr. St. Jean, did you sign

10   up your plea agreement in this case?

11                  THE DEFENDANT:  Yes, I did.

12                  THE COURT:  Did you talk it over with

13   Mr. Greenwald before you signed it?

14                  THE DEFENDANT:  Yes.

15                  THE COURT:  Did you understand it when you

16   signed it?

17                  THE DEFENDANT:  Yes.

18                  THE COURT:  He explain it to you?

19                  THE DEFENDANT:  Yes, he did.

20                  THE COURT:  Did you sign it voluntarily?

21                  THE DEFENDANT:  Yes, your Honor.

22                  THE COURT:  In your plea agreement on page 9,

23   at paragraph 14, you are asserting to the Court that you had

24   talked it over with Mr. Greenwald and you and he agreed it

25   would be in your best interest to waive or give up certain

1   rights to appeal or collaterally attack the proceedings and

2   sentence here and, more specifically, you've agreed to waive

3   or give up your right to collaterally attack or appeal the

4   conviction arising out of your plea here today and any

5   sentence of 70 months or less, while retaining to yourself

6   the right to appeal a higher sentence.

7                   Is that what you agreed to do?

8                   THE DEFENDANT:  Yes, your Honor.

9                   THE COURT:  Did you do that voluntarily?

10                  THE DEFENDANT:  Yes, your Honor.

11                  THE COURT:  Did you understand it when you

12  agreed to do it?

13                  THE DEFENDANT:  Yes, I did.

14                  THE COURT:  Mr. Greenwald, did you sign on

15  behalf of Mr. St. Jean knowingly and voluntarily?

16                  MR. GREENWALD:  Yes, sir.

17                  THE COURT:  Mr. Lovric, did you sign on behalf

18  of the government knowingly and voluntarily?

19                  MR. LOVRIC:  Yes, sir.

20                  THE COURT:  The Court has to inform you it's

21  not bound by any recommendations contained in the plea

22  agreement and you'll have no right to withdraw your plea of

23  guilty.  The Court will, of course, defer or put off its

24  decision to reject or accept any recommendation in the plea

25  agreement until I've seen the presentence investigation

USA vs St. Jean                                      19

1    report prepared by the Probation Department and any other

2    materials that are given to me that bear on sentencing by the

3    government or by Mr. Greenwald or by you or anybody on your

4    behalf.

5                 So, do you understand what I just said about

6    the Court's ability to reject any non-binding recommendation

7    contained in the plea agreement?

8                 THE DEFENDANT:  Yes, your Honor.

9                 THE COURT:  Okay.  Now that you've heard about

10   the potential statutory sentence and guidelines, do you still

11   wish to plead guilty?

12                THE DEFENDANT:  Yes, your Honor.

13                THE COURT:  Are you pleading guilty because

14   you're guilty?

15                THE DEFENDANT:  Yes, your Honor.

16                THE COURT:  All right.  Mr. Greenwald, would

17   you state your background and experience, please.

18                MR. GREENWALD:  Yes, your Honor.  As the Court

19   is aware, I've been admitted to practice before this Court

20   since 1979.  I've been an Assistant Federal Public Defender

21   since 1999.  Represented literally hundreds, if not over

22   thousand, defendants with regard to guidelines calculations.

23                THE COURT:  All right.  Approximately how much

24   time have you spent so far defending Mr. St. Jean in this

25   case?

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

USA vs St. Jean                          20

1          MR. GREENWALD:  Well, I met with Mr. St. Jean

2   on three separate occasions.  In addition to that I conferred

3   on several occasions by telephone and in person with

4   Mr. Lovric.  Mr. Lovric provided me with some discovery

5   materials, which I shared with him and then Mr. Lovric

6   provided me with a plea agreement which I obviously shared

7   and reviewed with Mr. St. Jean.  Total time representing

8   Mr. St. Jean to date, I would estimate somewhere in the

9   neighborhood of 12 to 15 hours.

10          THE COURT:  Have you had what you believe to

11  be adequate discovery of the government's case?

12          MR. GREENWALD:  Yes, your Honor, I think I

13  have.

14          THE COURT:  Have you advised Mr. St. Jean of

15  his rights, nature of the charges and consequences of

16  pleading guilty?

17          MR. GREENWALD:  Yes, your Honor.

18          THE COURT:  Except what's contained in the

19  plea agreement, have you made any promises or threats to

20  induce him to plead guilty?

21          MR. GREENWALD:  No, your Honor.

22          THE COURT:  Are you satisfied that he's

23  pleading guilty freely and voluntarily with an understanding

24  of the charge and the consequences?

25          MR. GREENWALD:  Yes, sir.

USA vs St. Jean                                              21

1              THE COURT:  Okay.  Do you know of any defenses

2    that he has that would prevail if the case went to trial?

3              MR. GREENWALD:  In my opinion no, sir, and I

4    reviewed those in some detail with Mr. St. Jean.

5              THE COURT:  Do you know of any reason why he

6    should not plead guilty?

7              MR. GREENWALD:  No.

8              THE COURT:  Based on the foregoing the Court

9    will find that Mr. St. Jean plead guilty freely and

10   voluntarily; that he is and was competent and that he

11   understands the charge against him and the consequences of

12   pleading guilty; that there is and was a basis, in fact, for

13   the Court accepting and entering the plea.

14             The Court will direct the Probation Department

15   to prepare and submit a presentence report.

16             The Court will set sentencing for Wednesday,

17   February 21, 2007, at 9:30 AM in Binghamton, New York.

18             Is there anything further?

19             MR. GREENWALD:  No, sir.  No, Judge.

20             THE COURT:  Thank you.  Court stands adjourned

21   in this matter.

22             (Court stands adjourned)

23

24

25

                   VICKY ANN THELEMAN, RPR, CRR
                   UNITED STATES DISTRICT COURT

22

1                    C E R T I F I C A T I O N

2

3

4           I, VICKY A. THELEMAN, RPR, CRR, United

5    States Court Reporter in and for the United States

6    District Court, Northern District of New York, do

7    hereby certify that I attended at the time and place

8    set forth in the heading hereof; that I did make a

9    stenographic record of the proceedings had in this

10   matter and cause the same to be transcribed; that

11   the foregoing is a true and correct copy of the same

12   and the whole thereof.

13

14

15                          _____

16                          VICKY A. THELEMAN, RPR, CRR

17                          United States Court Reporter

18                          US District Court - NDNY

19

20

21   Dated:  March 18, 2008.

22

23

24

25

# EXHIBIT   3

1

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF NEW YORK

3    - - - - - - - - - - - - - - - - - - -

4    UNITED STATES OF AMERICA,

5          -versus-                        06-CR-414

6    EDOUIN ST. JEAN

7    - - - - - - - - - - - - - - - - - - -

8              TRANSCRIPT OF SENTENCING PROCEEDINGS held in and

9    for the United States District Court, 15 Henry Street,

10   Binghamton, New York, on February 23, 2007, before the

11   HONORABLE THOMAS J. McAVOY, SENIOR UNITED STATES DISTRICT

12   COURT JUDGE, Presiding.

13

14

15   APPEARANCES:

16   FOR THE GOVERNMENT:

17   UNITED STATES ATTORNEY'S OFFICE

18   BY:  MIROSLAV LOVRIC, AUSA

19        Binghamton, New York

20

21   FOR THE DEFENDANT:

22   FEDERAL PUBLIC DEFENDER'S OFFICE

23   BY:  JAMES GREENWALD, AFPD

24        Syracuse, New York

25

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

USA vs St. Jean                                    2

1              THE CLERK:  United States of America versus

2     Edouin St. Jean, 04-CR-414.  Please state appearances for the

3     record.

4              MR. LOVRIC:  Miroslav Lovric for the

5     government.  God morning, again, your Honor.

6              MR. GREENWALD:  Morning, James Greenwald,

7     appearing on behalf of Edouin St. Jean who is standing beside

8     me.

9              THE COURT:  Morning, Mr. Greenwald, Mr.

10    St. Jean.  The Court has received a number of letters on

11    behalf of Mr. St. Jean.  One from Jean Edwards, I got one

12    from Evelyn Saint Cilien.

13             THE DEFENDANT:  Yes.

14             THE COURT:  And Regina St. Jean.  Two letters

15    from her and, of course, the Court has read them and will

16    consider the contents thereof.

17             Mr. Greenwald, have you had an opportunity to

18    go over the contents of the presentence report with Mr.

19    St. Jean?

20             MR. GREENWALD:  Yes, sir.

21             THE COURT:  Mr. St. Jean, did you read the

22    presentence investigation report?

23             THE DEFENDANT:  Mr. Greenwald read it to me.

24             THE COURT:  Who read it to you?

25             THE DEFENDANT:  Mr. Greenwald.

```
 1              THE COURT:  Did you talk over the contents of
 2   the report with him?
 3              THE DEFENDANT:  Somewhat, yes.
 4              THE COURT:  All right.  Well, is there
 5   anything further you wanted to talk to him about?
 6              THE DEFENDANT:  Yes, please, yes.
 7              THE COURT:  Go ahead and sit down and talk
 8   about it.  We'll wait.
 9              MR. GREENWALD:  That you want to talk to me
10   about?
11              THE DEFENDANT:  Yes.  Few things that I
12   would -- that I'd like --
13              MR. GREENWALD:  That you want to say to the
14   Court or to me?
15              THE DEFENDANT:  No.  I would say it to you.
16   You want me to --
17              THE COURT:  Now's not the time --
18              THE DEFENDANT:  Okay.  Okay.
19              THE COURT:  -- to talk about where I should
20   sentence you.  I thought maybe if you had some
21   misunderstanding about the contents of the report or that you
22   wanted to talk further with Mr. Greenwald --
23              THE DEFENDANT:  Yes.
24              THE COURT:  -- about that.  You can do that
25   now, if you want to.  You can sit down now out of my hearing.
```

USA vs St. Jean                                          4

1    Excuse me.

2                   (Break in proceedings)

3                   MR. GREENWALD:  We're ready to proceed.  Thank

4    you for your patience.

5                   THE COURT:  Thank you.  Did you want to bring

6    anything to my attention about the factual content?

7                   MR. GREENWALD:  No, sir.

8                   THE COURT:  How about you, Mr. St. Jean?

9                   THE DEFENDANT:  No, sir.

10                  THE COURT:  Mr. Lovric?

11                  MR. LOVRIC:  We have no objection to the

12   report.

13                  THE COURT:  The Court will adopt the factual

14   content by a preponderance of the evidence.  All right.

15                  Mr. Greenwald, what would you like to say on

16   behalf of Mr. St. Jean before I pass sentence upon him?

17                  MR. GREENWALD:  Your Honor, I believe with my

18   sentencing memorandum, we also filed a letter that Mr.

19   St. Jean addressed to the Court.

20                  THE COURT:  Right.

21                  MR. GREENWALD:  And what's clear from the

22   presentence report and from the letter is that Mr. St. Jean

23   has a substance abuse problem and I think that is what

24   impaired his judgment and brought him into this unhappy

25   situation.  I don't think that he traveled to this district

1    with an evil purpose.  I think he got carried away.  I

2    think -- I think that he exercised terrible, terrible

3    judgment that day.  I recognize that the guidelines do not

4    permit a downward departure for aberrant behavior because of

5    the nature of the charge but I think that this was, indeed,

6    aberrant behavior and not the Mr. St. Jean that has come to

7    this country, become a citizen, gotten training, worked,

8    gotten more training and essentially has tried to do

9    everything he could to be a productive member of this

10   society.  It's just a terrible, unfortunate thing what

11   happened that night, and I ask the Court to take that into

12   account.  I note for the Court that the sentencing guidelines

13   recommend a sentence of 70 to, I believe, 87 months.

14               Do I have that right?

15               THE COURT:  That's right.

16               MR. GREENWALD:  And I strongly urge the Court

17   that certainly the lowest end of that range is more than

18   sufficient to meet all of the criteria under Section 3553 and

19   honestly I think it would not be unreasonable for this Court,

20   in view of the facts and circumstances of this case, to

21   impose a sentence that would be lower than the advisory

22   guideline range.

23               THE COURT:  All right.  Mr. Lovric.

24               MR. LOVRIC:  Judge, we think that the

25   guideline range adequately addresses the conduct.  You know,

USA vs St. Jean                                    6

1    first of all, Judge, these kind of cases are, in our view,

2    are some of the most serious kinds of cases that come through

3    the Court system. We have a minor that's involved in this

4    particular case. This were communications between the

5    defendant and the minor. The defendants's age and

6    wherewithal is certainly at a level where not only should he

7    have known better, but it does indicate some flaw in terms of

8    something that's going on with him or his character. He's

9    communicated with a minor, that he tells the minor that he is

10   19 years old. He gives the minor a false name. He has a --

11   he has a very good idea of the fact that the minor has some

12   issues at home and the minor's age and then he travels. He

13   travels from Massachusetts to New York State to engage in a

14   sexual act with a minor.

15            Simply put, Judge, the fact of the matter is

16   this kind of conduct, regardless of where in life a defendant

17   commits it, is just something that can really not be

18   tolerated by any means. The defendant needs to be punished

19   for what he did and there needs to be a general deterrent to

20   anyone else that may think about, let alone engage in this

21   kind of conduct.

22            The victim in this case is somebody that's

23   going to have to deal with this for a very long period of

24   time and it's just -- it's just not conduct that can fall

25   into a, in our view, a scenario where someone can say I made

USA vs St. Jean                                    7

1   a mistake and that's all it was.  These are big mistakes.

2   These are big things when you get into a situation that

3   you're communicating with a minor and then you don't let it

4   drop and leave it at that, but you actually climb into your

5   car and drive 200, 300 miles to meet with a minor to engage

6   in a sex act.  It's just something that, in our view, needs

7   to be addressed very seriously.  We think that the guidelines

8   do that very appropriately and that's why we recommend that

9   the Court sentence the defendant within the guideline range.

10              THE COURT:  Mr. St. Jean, would you like to

11  say anything to me, sir, before I sentence you?

12              THE DEFENDANT:  Yes, your Honor.

13              THE COURT:  Okay.

14              THE DEFENDANT:  First thing, I'm sorry.

15              THE COURT:  That's okay.

16              THE DEFENDANT:  Sorry.

17              THE COURT:  That's okay.

18              THE DEFENDANT:  I'm ashamed, humiliated,

19  embarrassed for standing in Court today in this situation.

20              Your Honor, I came to this country as an

21  immigrant from Haiti.  I have lived here for almost 14 years.

22  I came to the US to pursue a better life so I could help my

23  family and myself.  Since day one I have embraced this

24  country like my own.  February 9, 2006, I became a citizen to

25  this great nation that has given me so much and I'm grateful

USA vs St. Jean                                    8

1    for the opportunity.  I have made a lot of mistakes in my

2    life but there is not -- none of them were forcefully or

3    unwillingly, so I can assure you that I'm not a threat to

4    society.  I'm not someone who's going to pursue young girls.

5    I admitted that I made a mistake by coming all the way.

6              The only way I can move forward is by taking

7    responsibility for my action and ask the Court to accept my

8    apology.  My family and friends and people who get to know me

9    are surprised the way I live my life.  I've always been a

10   law-biding citizen.  I made a mistake, your Honor, that will

11   haunt me to do the day I die.  No way am I trying to justify

12   my action.  Since 1998 I have been abusing alcohol and

13   illegal drugs for pain and depression.  Despite all that I

14   have been gainfully employed for at least 11 years.  No prior

15   criminal record.  I can't stress enough how badly I would

16   like to change everything.  Unfortunately, I can't.

17             From the bottom of my heart, I'm really sorry.

18   Your Honor, I'm asking you to take into consideration all

19   aspect of my life, not just my wrongdoing.  I'm asking the

20   Court for a second chance, second chance to see my parents

21   once more.  My elderly father, especially my sick mom.

22   Second chance to be better, important citizen as I once was.

23   I ask the Court for mercy, leniency.  I'm sorry for taking

24   the Court time and may God bless the Court.  Thank you.

25             THE COURT:  Thank you.  Mr. Greenwald, do you

USA vs St. Jean                                    9

1   know of any reason why I shouldn't sentence your client now?

2                MR. GREENWALD:  No, your Honor.

3                THE COURT:  Mr. St. Jean, do you know of any

4   legal reason why I should not impose sentence on you now?

5                THE DEFENDANT:  Legal reason?

6                THE COURT:  Do you know of any law that says I

7   can't sentence you now?

8                THE DEFENDANT:  No, sir.  I don't know any

9   law.

10               THE COURT:  All right.  Well, you know, you're

11  kind of an enigma to the Court, a little bit of a mystery,

12  because on the one hand the Court recognizes that although

13  you may have come here under questionable circumstances in

14  the first place, you did immediately get a job and you went

15  to work and you tried to keep that job, keep other jobs and

16  keep working, sent money back to help your family and that

17  was -- certainly points to me that you're a good person at

18  bottom.

19               THE DEFENDANT:  Thank you, your Honor.

20               THE COURT:  But the problem is that the

21  conduct you got involved in is, in this Court's view,

22  extremely serious conduct, extremely reprehensible and the

23  Court is seeing more of this happen across the country for

24  whatever reason.  It's not for me to analyze that issue, but

25  to focus on your conduct with that young lady that you picked

USA vs St. Jean                                      10

1    up at the Ithaca mall and took to the hotel room.  And the

2    Court does believe that the guideline range, although the

3    Court realizes the guidelines are no longer mandatory, but

4    should be considered with the Court together with the

5    sentencing purposes set forth in 3553(a) and the Court will

6    consider the guidelines and the statutory sentencing purposes

7    and give you a sentence the Court feels is sufficient but not

8    more than necessary to punish you for what you did, to deter

9    you personally from further conduct of that kind, to deter

10   other people from committing similar crimes, and to provide

11   the public with knowledge about the seriousness of the

12   offense and promote respect for law and order, among other

13   things.  And also the Court thinks what Mr. Greenwald

14   mentioned is something that I have to take into consideration

15   and that's the fact that you did have a substance abuse

16   problem and that should be addressed as well.

17              So, the Court feels because your conduct was

18   sort of aberrational, I mean it was kind of long-term

19   involved.  You had contact with the young lady over the

20   internet and there was some back and forth and then it took

21   you a while to drive over there.  You were late, got lost and

22   took quite a while before you carried out the plan that you

23   had set out to commit in the first place.  But in spite of

24   that, the Court thinks the low end of the guideline range is

25   probably an adequate sentence.

USA vs St. Jean                                    11

1           Upon your plea of guilty to count one of the

2    information, it is the judgment of this Court that you're

3    hereby committed to the custody of the Bureau of Prisons to

4    be imprisoned for a term of 70 months.  The Court recommends

5    that you participate in the Bureau of Prisons Sex Offender

6    Treatment Program and any inpatient substance abuse program

7    that the Bureau of Prisons can make available to you.  If

8    you're determined to be in need of treatment, you shall

9    attend and participate in the Sex Offender Treatment Program.

10   If you violate this order, the Court will address this at the

11   time of your release from imprisonment and, of course, the

12   Court has already recommended that you participate in the

13   residential drug abuse program.

14           Upon your release from imprisonment you shall

15   be placed upon supervised release for a period of 15 years.

16   While on supervised release you shall not commit another

17   federal, state or local crime and shall comply with the

18   standard conditions that have been adopted by this Court and

19   the following special conditions:  You shall not have any

20   direct contact with a person under the age of 18 years unless

21   it is supervised by a person approved by the probation

22   officer.  You shall not have any indirect contact with a

23   person under the age of 18 years through another person or a

24   device, including a telephone, computer, radio or other

25   means, unless it's supervised by a person approved by the

USA vs St. Jean                                    12

1   probation officer.  You shall reasonably avoid and remove

2   yourself from situations in which you have any other form of

3   contact with a minor.

4               You shall not be in any area in which persons

5   under the age of 18 are likely to congregate, such as school

6   grounds, child care centers or playgrounds without the

7   permission of the probation officer.

8               You will not have any direct or indirect

9   contact with the victim in this case.

10              You shall register with the state sex offender

11  registry agency in any state where you reside, are employed,

12  or carry on a vocation, or a student.

13              You shall participate in a mental health

14  program, which shall include, but not be limited to,

15  participation in a treatment program for sexual disorders.

16  The program shall be approved by the United States Probation

17  Office.

18              Your supervised release may include

19  examinations using polygraphs to obtain information necessary

20  for supervision, case monitoring and treatment.  You shall

21  answer the questions posed during the polygraph examinations,

22  subject to your right to challenge in a court of law the use

23  of such statements as violations of your Fifth Amendment

24  rights.  In this regard, you shall be deemed to have not

25  waived your Fifth Amendment rights.  The results of any

1   polygraph examinations shall be disclosed to the United

2   States Probation Office and to the Court but shall not be

3   further disclosed without approval of the Court.

4              You shall not use or possess any computer or

5   other device with online capabilities in any location, except

6   at your place of employment, unless you participate in the

7   Computer Restriction and Monitoring Program.  You shall

8   permit the United States Probation Office to conduct

9   periodic, unannounced examinations of any computer equipment

10  you use or possess, limited to all hardware and software

11  related to online use, such as the worldwide web, e-mail,

12  instant messaging and the like and the viewing of pictures or

13  movies that may violate your conditions of supervised

14  release, except at your place of employment.  These

15  examinations may include retrieval and copying of data

16  related to online viewing of pictures and movies and

17  potential violations of terms of conditions of supervised

18  release from this computer equipment and any internal or

19  external peripherals.  This computer equipment maybe removed

20  by the probation office or to the probation office for a more

21  thorough examination.  The probation office may install any

22  hardware or software system that is needed to monitor your

23  computer use, subject to the limitations described by me.

24              Now, if your employment requires the use of a

25  computer, you may use a computer in connection with the

USA vs St. Jean                                      14

1   employment approved by the probation officer, at your place

2   of employment, provided you notify your employer of the

3   nature of your conviction and the fact that your conviction

4   was facilitated by the use of a computer.  The probation

5   office must confirm your compliance with this notification

6   requirement.

7                   In the event your treatment provider

8   determines that the use of a computer or internet service is

9   contraindicated to your course of recovery, the Court, upon

10  considering such information, may prohibit the use of the

11  computer if the Court is convinced that such is the case

12  based on the evidence.

13                  You shall submit your person and any property,

14  house, residence, vehicle, papers, computer, and other

15  electronic communications or data storage devices or media

16  and effects to search at any time, with or without a warrant,

17  by any federal probation officer with reasonable suspicion

18  concerning a violation of a condition of probation or

19  supervised release or unlawful conduct by you.

20                  You shall participate in a program for

21  substance abuse which shall include testing for drug and/or

22  alcohol use and may include inpatient and/or outpatient

23  treatment.  That program shall be approved by the United

24  States Probation Office.

25                  You shall contribute to the cost of any

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

USA vs St. Jean                                                15

1    evaluation, testing and/or treatment services rendered in an

2    amount to be determined by the probation officer based on

3    your ability to pay and the availability of third-party

4    payments.

5                 You shall cooperate in the collection of DNA

6    as directed by the probation officer.

7                 You shall pay to the Clerk of the Court a

8    special assessment of $100 which is due immediately.

9                 The Court finds based on your financial

10   resources, projected earnings and other income, as well as

11   your financial obligations, that you do not have the ability

12   to pay a fine and does not order a fine.

13                Both you and the government have the right to

14   appeal this sentence under certain limited circumstances and

15   you must file your appeal within ten days of the date of this

16   sentence.

17                There's nothing to dismiss?

18                MR. LOVRIC:  No, Judge.

19                THE COURT:  All right.  Mr. St. Jean, I hope

20   you get by this situation.  I hope that the programs help you

21   and give you a base for when you come out so that you won't

22   get in any further trouble like this.  And I hope you're able

23   to continue to be a hard working person, as you already are,

24   after you get out of prison.

25                Okay.  The clerk reminded me that I skipped

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

1   over a part of my finding.

2              After reviewing all the pertinent information,

3   the Court finds your total offense level is a 27, your

4   criminal history category is a one, and your guideline range

5   is from 70 to 87 months.

6              Okay.  Good luck, Mr. St. Jean.

7              Court stands adjourned.

8              (Court stands adjourned)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

17

C E R T I F I C A T I O N

1

2

3

4          I, VICKY A. THELEMAN, RPR, CRR, United

5   States Court Reporter in and for the United States

6   District Court, Northern District of New York, do

7   hereby certify that I attended at the time and place

8   set forth in the heading hereof; that I did make a

9   stenographic record of the proceedings had in this

10   matter and cause the same to be transcribed; that

11   the foregoing is a true and correct copy of the same

12   and the whole thereof.

13

14

15                          _____

16                          VICKY A. THELEMAN, RPR, CRR

17                          United States Court Reporter

18                          US District Court - NDNY

19

20

21   Dated:  March 18, 2008.

22

23

24

25

VICKY ANN THELEMAN, RPR, CRR
UNITED STATES DISTRICT COURT

# EXHIBIT   4

Case 3:06-cr-00414-TJM   Document 19   Filed 02/26/2007   Page 1 of 7

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| Northern | District of | New York |

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br><br>Edouin St. Jean | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:      DNYN306CR000414-001<br><br>USM Number:      14026-052<br>AFPD James Greenwald, Esq., 4 Clinton Square, 3rd Floor,<br>Syracuse, New York 13202     (315) 701-0080<br>Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    1 of the Information on October 20, 2006

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2423(b) | Travel with Intent to Engage in Illicit Sexual Conduct with a Minor | 9/28/06 | 1 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment. The sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines.

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 23, 2007
Date of Imposition of Judgment


*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge


February 26, 2007
Date

BVT/cml

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT:          Edouin St. Jean                                    Judgment — Page __2__ of __7__
CASE NUMBER:        DNYN306CR000414-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**70 months.  While in custody, the Court orders the defendant to submit to a sex offender evaluation if made available by the Bureau of Prisons. If determined that defendant is in need of treatment, the defendant shall attend and participate in sex offender treatment.  If the defendant violates this order, the Court will address this at the time of defendant's release from imprisonment.**

X    The court makes the following recommendations to the Bureau of Prisons:

**that the defendant participate in the Sex Offender Treatment Program.  The Court further recommends that the defendant participate in the Residential Comprehensive Drug Treatment Program, when and if eligible.**

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____  ☐ a.m.  ☐ p.m.  on _____ .

    ☐   as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 3:06-cr-00414-TJM  Document 19  Filed 02/26/2007  Page 3 of 7

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page _3_ of _7_ |

DEFENDANT:       Edouin St. Jean
CASE NUMBER:     DNYN306CR000414-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**15 years**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Deselect, if inapplicable.)

X    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14)  the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

Case 3:06-cr-00414-TJM   Document 19   Filed 02/26/2007   Page 4 of 7

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:          Edouin St. Jean
CASE NUMBER:        DNYN306CR000414-001

## SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall not have any direct contact with a person under the age of 18 unless it is supervised by a person approved by the probation officer. Defendant shall not have indirect contact with a person under the age of 18 years of age through another person or through a device (including a telephone, computer, radio or other means) unless it is supervised by a person approved of by the probation officer. Defendant shall reasonably avoid and remove themselves from situations in which the defendant has any other form of contact with a minor.

2. Defendant shall not be in any area in which persons under the age of 18 are likely to congregate, such as school grounds, child care centers, or playgrounds, without the permission of the probation officer.

3. Defendant shall not have any direct or indirect contact with the victim in this case.

4. Defendant shall register with the state sex offender registry agency in any state where defendant resides, are employed, carry on a vocation or are a student.

5. Defendant shall be participate in a mental health program, which will include, but will not be limited to, participation in a treatment program for sexual disorders. The program shall be approved by the U.S. Probation Office. Defendant's supervised release may include examinations using polygraphs to obtain information necessary for supervision, case monitoring, and treatment. Defendant shall answer the questions posed during the polygraph examination, subject to defendant's right to challenge in a court of law the use of such statements as violations of defendant's Fifth Amendment rights. In this regard, defendant shall be deemed to have not waived his Fifth Amendment rights. The results of any polygraph examinations shall be disclosed to the U.S. Probation Office and the Court, but shall not be further disclosed without an order of the Court.

6. Defendant shall not use or possess any computer or any other device with online capabilities, at any location, except at defendant's place of employment, unless defendant participates in the Computer Restriction and Monitoring Program. Defendant shall permit the United States Probation Office to conduct periodic, unannounced examinations of any computer equipment defendant use or possess, limited to all hardware and software related to online use (e.g., use of the World Wide Web, email, instant messaging, etc.) and the viewing of pictures and movies that may violate defendant's conditions of supervised release, except at defendant's place of employment. These examinations may include the retrieval and copying of all data from this computer equipment and any internal and external peripherals. This computer equipment may be removed to the Probation Office for a more thorough examination. The Probation Office may install any hardware or software system that is needed to monitor defendant's computer use, subject to the limitations described above.

7. If the defendant's employment requires the use of a computer, defendant may use a computer in connection with the employment approved by the probation officer, at defendant's place of employment, provided that defendant notify the employer of: 1) the nature of defendant's conviction, and, 2) the fact that defendant's conviction was facilitated by the use of a computer. The Probation Office must confirm defendant's compliance with this notification requirement.

## DEFENDANT'S ACKNOWLEDGMENT OF APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

The conditions of supervision have been read to me. I fully understand the conditions and have been provided a copy of them.

_____          _____
Defendant                                 Date

_____          _____
U.S. Probation Officer/Designated Witness Date

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 3B — Supervised Release

| | | Judgment—Page _5_ of _7_ |
|---|---|---|

DEFENDANT:        Edouin St. Jean
CASE NUMBER:    DNYN306CR000414-001

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

8.  If in the event the defendant's medical care provider determines that use of the computer or internet service is contraindicated to the defendant's course of recovery, the Court, upon considering such information, may prohibit the use of a computer if the Court is convinced that such is the case based upon the medical evidence.

9.  Defendant shall submit his person and any property, house, residence, vehicle, papers, computer, other electronic communications or date storage devices or media, and effects to search at any time, with or without a warrant, by any federal probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant.

10. Defendant shall participate in a program for substance abuse which shall include testing for drug and/or alcohol use and may include outpatient and/or inpatient treatment.  The program shall be approved by the United States Probation Office.

11. Defendant shall contribute to the cost of any evaluation, testing, treatment, and/or monitoring services rendered in an amount to be determined by the probation officer based on his ability to pay and the availability of third party payments.

12. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B   NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

|  | | Judgment — Page | 6 | of | 7 |
|---|---|---|---|---|---|

DEFENDANT:        Edouin St. Jean
CASE NUMBER:    DNYN306CR000414-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____ .  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**            $ _____            $ _____

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:        Edouin St. Jean
CASE NUMBER:   DNYN306CR000414-001

Judgment — Page  7  of  7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   X   In full immediately; or

B   ☐   Lump sum payment of $ _____ due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance with ☐ D, ☐ E, ☐ F, or ☐ G below; or

C   ☐   Payment to begin immediately (may be combined with ☐ D, ☐ E, or ☐ G below); or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

E   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

F   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

G   ☐   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **Lawrence K. Baerman, Clerk, U.S. District Court, Federal Bldg., P.O. Box 7367, 100 S. Clinton Street, Syracuse, N.Y. 13261-7367,** unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved if and when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    ☐   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    ☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.