**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EDOUIN ST. JEAN,**

                                        **Petitioner,**

        **-against-**                                        **06-CR-414**


**UNITED STATES OF AMERICA,**


                                        **Respondent.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


                                **DECISION & ORDER**

**I.  INTRODUCTION**

        On October 20, 2006, in connection with criminal Information 06-CR-414, Edouin

St. Jean waived indictment by a grand jury and pled guilty to Count 1 of the Information

which charged him with traveling in interstate commerce with the purpose of engaging in

illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b).  St. Jean's plea was

made in connection with a Plea Agreement in which St. Jean agreed, *inter alia*, to waive

the right to appeal his conviction and the right to appeal or collaterally attack any sentence

of imprisonment of 70 months or less.  On February 23, 2007, St. Jean was sentenced

principally to 70 months incarceration. No notice of appeal was filed.  At all times in the

criminal proceeding, St. Jean was represented by counsel.

1

On March 6, 2008, St. Jean filed a motion *pro se* pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. He alleges that he was denied constitutionally effective assistance of counsel because: (1) trial counsel failed to move to dismiss the action under the Speedy Trial Act; (2) trial counsel "coerced" St. Jean into pleading guilty without conducting an investigation into possible defenses; (3) his arraignment was held via video conference and conducted in a "coercive atmosphere"; and (4) trial counsel failed to file a Notice of Appeal despite St. Jean's request that he file one. The government has opposed the motion.  St. Jean was granted leave to file a reply but has not done so.

## II.    DISCUSSION

### a.    Speedy Trial Act Claim

The Government argues that St. Jean's waiver of collateral attack prevents the Court reaching the merits of his claims, including his Speedy Trial Act claim.  The Second Circuit Court of Appeals recently addressed a similar argument, holding:

> "A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996). A plea agreement containing a waiver of appeal rights has the same effect. United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000). Such waivers extend to any claims involving an "alleged violation of the Speedy Trial Act" because a violation of the Act is nonjurisdictional.  Coffin, 76 F.3d at 497. To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary, United States v. Da Cai Chen, 127 F.3d 286, 289-90 (2d Cir. 1997), because "the advice he received from counsel was not within acceptable standards," United States v. Torres, 129 F.3d 710, 715-16 (2d Cir. 1997) (internal quotation marks and alteration omitted).

Parisi v. U.S., 529 F.3d 134, 138 (2d Cir. 2008).

In <u>Parisi</u>, the Circuit found that the *pro se* petitioner's claim premised on a missed Speedy Trial Act dismissal motion could "be read as raising the claim that his attorney was ineffective in advising him to accept the plea agreement rather than advising him to move to dismiss the indictment with prejudice based on alleged Speedy Trial Act violations." <u>Id.</u> at 138-39. (citations omitted).  Thus, the Circuit concluded that the "claim survives the appeal waiver because, by focusing on the advice Parisi received from his attorney, it connects the alleged ineffectiveness of Parisi's attorney with the voluntary nature of his plea." <u>Id.</u> at 139.  St. Jean's conclusory allegations could be similarly interpreted and, therefore, the Court will address the merits of the claim.

Unlike most Speedy Trial Act claims where the proponent argues that the case lingered too long, St. Jean argues that his case was concluded too quickly.  St. Jean entered his guilty plea less than 30 (thirty) days after counsel was appointed.  Citing 18 U.S.C. § 3161(c)(2), he argues that the case against him should have been dismissed based upon the alleged violation of the Speedy Trial Act. His argument is without merit.

Section 3161(c)(2) provides:

> Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

18 U.S.C. § 3161(c)(2).

Section 3161(c)(2) plainly did not apply to St. Jean because no trial was ever commenced.  Rather, the record reflects that trial counsel moved expeditiously to avoid indictment which, the government contends, would have included additional charges. Counsel's decision to refrain from making a frivolous Speedy Trial Act motion and,

3

instead, engage in plea bargaining with the government was neither conduct below an objective standard of reasonableness nor conduct that caused St. Jean any prejudice. Thus, this ineffective assistance of counsel claim fails as a matter of law.  See United States v. Guevara, 277 F.3d 111, 127 (2d Cir. 2001)(To prevail on a claim of ineffective assistance of counsel, petitioner must prove: "(1) counsel's conduct 'fell below an objective standard of reasonableness,' and (2) this incompetence caused prejudice to ...defendant.")(quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).  The claim is dismissed.

**b.      Failure to Investigate and Coercion into Pleading Guilty**

St. Jean alleges that trial counsel "coerced" him into pleading guilty without conducting an investigation into possible defenses. He does not state in what form the purported coercion occurred, but merely alleges that he "provided the names of two potential defense witnesses, Crystal and Rachel, who could provide exculpatory testimony for St. Jean.  Crystal and Rachel are friends of the alleged victim and both were present during relevant times of the alleged crimes."  Pet., Attach, p. 5B-5C. Thus, it appears from St. Jean's conclusory statement that he felt "coerced" into pleading guilty because counsel purportedly refused to investigate his claim of "potential" defense witnesses who might have provided "exculpatory testimony."

The argument survives the appeal/collateral attack waiver because "it connects the alleged ineffectiveness of [St. Jean's] attorney with the voluntary nature of his plea." Parisi, 529 F.3d at 139.  However, the claim fails to make out a cognizable ineffective assistance of counsel claim.  St. Jean offers nothing but broad, conclusory allegations of coercion, or of counsel's failure to investigate witnesses who might have provided some unexplained

4

"exculpatory" evidence.  Broad, generalized claims of an attorney's failure to pursue a defense are insufficient to sustain a claim of ineffective assistance of counsel under the first prong of the Strickland test. See Lou v. Mantello, 2001 WL 1152817, at *10 (E.D.N.Y. Sept. 25, 2001)("Habeas claims based on complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified [to] are largely speculative.'")(interior quotation and citation omitted); Sheedy v. United States, 1997 WL 394664 at *9 (N.D.N.Y. 1997)(A petitioner's "[b]ald assertion that counsel should have conducted a more thorough pretrial investigation fails to overcome the presumption that counsel acted reasonably.")(citing Strickland, 466 U.S. at 689); Sirotnikov  v. United States, 1998 WL 770557, at *4 (S.D.N.Y. Nov., 1998)("Petitioner's naked assertion that his trial counsel 'failed to adequately perform pretrial research and investigation,' does not establish ineffective assistance of counsel."); Vasquez v. United States, 1997 WL 148812, at *1-2 (S.D.N.Y. Mar. 28, 1997)("[P]etitioner's allegations with regard to alleged counsel errors in pre-trial preparation and investigation and trial advocacy are 'vague, conclusory, and unsupported by citation to the record, any affidavit, or any other source,' and, accordingly,  ...  '[t]he vague and unsubstantiated nature of the claims' defeated petitioner's claim of ineffective assistance of counsel...."); Parnes v. United States, 1995 WL 758805, at *3 (S.D.N.Y. Dec. 21, 1995)("[V]ague allegations do not permit the Court to conclude that the alleged errors of Petitioner's counsel fell below 'prevailing professional norms' ....  Accordingly, the Court rejects Petitioner's claim that he received ineffective assistance of counsel."); Matura v. United States, 875 F. Supp. 235, 237-38 (S.D.N.Y.

1995)(mere conclusory allegations that counsel was ineffective fails "to establish that his counsel's performance was deficient [and] .... fails to overcome the presumption [under Strickland] that counsel acted reasonably ...."); Hartley v. Senkowski, 1992 WL 58766, at *2 (E.D.N.Y. Mar. 18, 1992)("In light of this demanding [Strickland] standard, petitioner's vague and conclusory allegations that counsel did not prepare for trial or object to errors carry very little weight.").

Further, the factual premise of the claim is belied by St. Jean's sworn statements during the plea allocution. In this regard, St. Jean attested that prior to pleading guilty he met with counsel who explained the charge and potential penalties;[1] that he spoke with counsel about his chances of prevailing if he took the matter to trial and about strategy and defenses; that he understood the rights he was giving up by pleading guilty; that he was satisfied with the representation counsel provided; that nobody had made any promises or threats to him to induce him to plead guilty; that he was pleading guilty freely and voluntarily; and that he was pleading guilty because he was in fact guilty of the crime charged. See Oct. 20, 2006 Change of Plea Trans., dkt. # 22. He also admitted to the facts underlying the charge to which he pleaded guilty, including traveling from Massachusetts to New York with the intent to have sexual contact with a minor, and having sexual contact with a minor in New York. Id. at pp. 13-14. Statements made under oath in open court carry a strong presumption of veracity, Blackledge v. Allison, 431 U.S. 63, 74 (1977), and should be accepted in determining the voluntariness of a plea. See

---

[1]Counsel advised the Court during the change of plea proceeding that he had met with St. Jean on 3 occasions and had numerous telephone conversations with him before the guilty plea was made.

<u>Catino v. United States</u>, 2001 WL 536928, at *7 (S.D.N.Y. May 21, 2001).[2]

Under the circumstances of this case, St. Jean has not overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" <u>Cox v. Donnelly</u>, 387 F.3d 193, 198 (2d Cir. 2004)(quoting <u>Strickland</u>, 466 U.S. at 689); <u>see</u> <u>Sirotnikov v. United States</u>, 1998 WL 770557, at *4 (S.D.N.Y. Nov. 2, 1998)("Petitioner's naked assertion that his trial counsel 'failed to adequately perform pretrial research and investigation,' does not establish ineffective assistance of counsel."); <u>Parnes v. United States</u>, 1995 WL 758805, at *3 (S.D.N.Y. Dec. 21, 1995)("[V]ague allegations do not permit the Court to conclude that the alleged errors of Petitioner's counsel fell below 'prevailing professional norms'.... Accordingly, the Court rejects Petitioner's claim that he received ineffective assistance of counsel."); <u>Matura v. United States</u>, 875 F. Supp. 235, 237-38 (S.D.N.Y. 1995)(mere conclusory allegations that counsel was ineffective fails "to establish that his counsel's performance was deficient [and] .... fails to overcome the presumption [under <u>Strickland</u>] that counsel acted reasonably...."). Moreover, "Petitioner's conclusory allegations that counsel evinced 'a general lack of preparation' do not demonstrate that absent the alleged errors, the

---

[2]As the Southern District explained in <u>Catino v. United States</u>, 2001 WL 536928, at *7 (S.D.N.Y. May 21, 2001):

It has been said that "[c]laims by petitioners that their pleas were involuntarily made due to the erroneous advice or unrealized promises made by counsel 'afford an all too easy avenue for the invalidating of conviction on pleas of guilty.'" <u>Hernandez v. United States</u>, 839 F. Supp. 140, 143 (E.D.N.Y. 1993) (quoting <u>United States v. Horton</u>, 334 F.2d 153, 154 (2d Cir.1964). Thus, it is well-settled that "when considering the voluntariness of a defendant's plea, courts look to the voir dire of the defendant upon each plea to determine whether the plea reflected a 'knowing, free and rational choice of the alternatives open to the accused.'" <u>Hernandez</u>, 839 F. Supp. at 143 (quoting <u>United States v. Melillo</u>, 336 F.Supp. 1169 (S.D.N.Y. 1971)(quoting <u>United States v. Malcolm</u>, 432 F.2d 809, 812 (2d Cir.1970)).

2001 WL 536928 at *7.

outcome of the trial would have been different." <u>Slevin v. United States</u>, 1999 WL 549010
at *5 (S.D.N.Y. July 28, 1999), <u>aff'd</u>, 234 F.3d 1263 (2d Cir. 2000).   As indicated, St. Jean
admitted that he engaged in the conduct he was charged with committing. Further, there
appeared to be overwhelming evidence of his guilt.  <u>See</u> <u>e.g.</u>  Supporting Affidavit to
Criminal Compl. ¶ 7 (Attesting that, after arresting St. Jean in a hotel in New York based
on a 16-year-old's complaint of non-consensual sexual contact by St. Jean, St. Jean
admitted that he traveled from Massachusetts to New York for the sole purpose of meeting
the victim and that he had sexual contact with her in New York).  Thus, even assuming
that the two witnesses had been contacted, St. Jean has not established that he was
prejudiced by the alleged lack of preparation by counsel.  Accordingly, the claim is
dismissed.

> ### c.      Arraignment in "coercive atmosphere"

St. Jean alleges that his arraignment was conducted in a "coercive environment"
because the proceeding was conducted by video conference whereby the magistrate
judge and defense counsel were in Syracuse and St. Jean and the Assistant United States
Attorney were in Binghamton. He alleges that he was forced to stand next to the Assistant
United States Attorney and prevented from speaking privately with his attorney thereby
depriving him of his Fifth and Sixth Amendment rights.

The claim, whether fashioned as an ineffective assistance of counsel claim or not,[3]
bears no relationship to St. Jean's plea or his decision to enter the Plea Agreement.
Thus, the claim is barred by the appeal and collateral attack waiver of the Plea

---

[3]St. Jean has fashioned each of his claims as separate ineffective assistance of counsel claims.

Agreement.

Further, and to the extent that the claim *could* be construed as bearing some relationship to his decision to plead guilty (and thereby escape the Plea Agreement's waiver), the claim must be dismissed because St. Jean has failed to demonstrate any prejudice arising from the purported "coercive atmosphere" of his arraignment.  See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); United States v. O'Neil, 118 F.3d 65, 72-73 (2d Cir. 1997).   At the arraignment, St. Jean was advised of the charges against him and had an attorney appointed to represent him. See 9/29/06 Minute Entry.[4]   While he waived an immediate detention hearing, he preserved his right for a detention hearing in the future. Id. Immediate detention hearings are often waived where counsel is appointed at the arraignment, and the magistrate judges in this District regularly hear renewed applications for release made after assigned counsel has had the opportunity to explore the pertinent issues with the client.   As indicated above, St. Jean admitted that he met with his assigned counsel before pleading guilty and that was satisfied with his counsel's

_____

[4] The docket entry for the arraignment indicates:

Minute Entry for proceedings held before Judge Gustave J. DiBianco: Initial Appearance as to Edouin St. Jean held on 9/29/2006. Appearances: AUSA Miroslav Lovric, for United States; James Greenwald, Esq., (OFPD), for Defendant. AUSA Lovric and Defendant appear by video in Binghamton. Judge DiBianco and Mr. Greenwald appear by video in Syracuse. Defendant is advised of the charge and his rights. Financial affidavit is reviewed and Defendant is found eligible for assigned counsel. Office of the Federal Public Defender is appointed. Government moves for detention. Defendant waives an immediate detention while preserving his right to have a detention hearing in the future. Defendant also waives a preliminary hearing. Defendant is remanded to custody of the U.S. Marshal.

9/29/06 Minute Entry.

representation, yet there is no indication that he made any application for release or that he was denied the opportunity to do so simply because counsel was not in the same room during the arraignment.[5]

To the extent his argument is based on a disagreement over the waiver of a preliminary hearing, see fn. 5, *supra*, he likewise can show no prejudice.  As indicated above, the prosecutor could have easily presented probable cause of St. Jean's commission of the charged crime based on St. Jean's own admission. See generally Supporting Affidavit to Criminal Compl., dkt. # 1.  The presentation of such evidence would have been sufficient to satisfy the government's burden at a preliminary hearing, or served as the basis for seeking an indictment before a grand jury.  Forcing the government's hand in this respect, however, could have had the detrimental impact of foreclosing plea negotiations.

Simply stated, St. Jean has shown no prejudice arising from the fact that his trial counsel was in a different location and appeared via video conference for his arraignment. Accordingly, the claim is dismissed.

### d.     Failure to File a Notice of Appeal

Finally, St. Jean contends that his trial counsel was constitutionally ineffective because he failed to file a notice of appeal when requested to do so.   The Second Circuit Court of Appeals has instructed that when a § 2255 petitioner alleges that he was denied constitutionally effective assistance of counsel by counsel's failure to file a timely notice of

---

[5]St. Jean has not stated how his rights were violated or how he was prejudiced by the way the arraignment was conducted.  Rather, given his *pro se* status, the Court has attempted to read his cursory Petition as broadly as possible.

appeal, the issue should be addressed on the merits despite the existence of an appeal or collateral attack waiver. See Campusano v. United States, 442 F.3d 770, 771-72 (2d Cir. 2006).[6] Hence, the Court will address the merits of the claim.

It is well-settled that the failure to file a notice of appeal, when timely requested by a defendant following a conviction, is deemed ineffective assistance of counsel within the meaning the Sixth Amendment. See United States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003); Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002); McHale v. United States, 175 F.3d 115, 119 (2d Cir. 1999); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). However, "[a]t the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe v. Flores-Ortega, 528 U.S. at 477. By the same reasoning, if a defendant does not timely request that a notice of appeal be filed, or agrees, after further discussions with counsel, that one should not be filed, no ineffective assistance claim is made out simply because a notice of appeal is not filed. See id. at 479.

It is also equally well-settled that a petitioner in a § 2255 proceeding bears the

––––––––––––––––––––––––––

[6] In Campusano, the Circuit wrote:

The question presented in this case is whether an attorney who fails to file a notice of appeal requested by his client is constitutionally ineffective when the client waived appeal in his plea agreement.   We hold that even after a waiver, a lawyer who believes the requested appeal would be frivolous is bound to file the notice of appeal and submit a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).   When counsel fails to do so, we will presume prejudice, as required by Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and the defendant will be entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit.

442 F.3d at 771-72 .

11

burden of proof by a preponderance of the evidence. <u>Triana v. United States</u>, 205 F.3d 36, 40 (2d Cir. 2000), <u>cert. denied</u>, 531 U.S. 956 (2000); <u>see</u> <u>Harned v. Henderson</u>, 588 F.2d 12, 22 (2d Cir. 1978).  On the instant motion, St. Jean merely asserts in an attachment to his Petition that: "Mr. St. Jean requested [counsel] to appeal his conviction and sentence. However, no appeal of St. Jean's conviction nor [sic] sentence was filed."   It is unclear when the "request" was made, whether there were any discussions about the request, or whether St. Jean agreed to forgo the appeal.   The assertion in the attachment hardly satisfies St. Jean's burden on the claim.

Further, when such a claim is raised in a Section 2255 proceeding, the Court must afford "the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." <u>Eze v. Senkowski</u>, 321 F. 3d 110, 136 (2d Cir. 2003); <u>see</u> <u>Chang v. United States</u>, 250 F.3d 79, 84-85 (2d Cir. 2001)(not requiring counsel to testify because of the submission of a detailed affidavit). The attorney-client privilege is waived as to discussion about pursuing an appeal because the movant has put the issue into controversy.  Nonetheless, neither party has presented any evidence from trial counsel that would indicate whether a timely request for a Notice of Appeal was made, or whether there were any discussions on this issue.

The Second Circuit has noted that in Section 2255 cases where a reasonably disputed material issue of fact exists, the district court should engage in further fact-finding to resolve the issue. <u>See</u> <u>Pham v. United States</u>, 317 F.3d 178, 185 (2d Cir. 2003)(Sotomayor, J.)(concurring op.). "The variety of fact-finding approaches taken by courts--from expansion of the record by means of affidavits and other written submissions or through discovery, to full-blown hearings with live testimony by the movant and other

witnesses--reflects the fact-sensitive flexibility of § 2255 as applied to prisoners' habeas motions." Id. and fn. 1. The defendant need not necessarily be produced even if an evidentiary hearing is held.  Id. (citing, *inter alia*, 28 U.S.C. § 2255).

Given the glaring void in St. Jean's motion regarding whether he timely requested that a notice of appeal be filed and whether he and trial counsel discussed the option of filing an appeal, the Court determines that the most efficient manner to address this issue is, in the first instance, to expand the record. See Rule 7, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("2255 Rules").[7]  Then, if a material issue of fact still exists, trial counsel shall be heard on the issue.[8]  However, because trial counsel is not a party to this action he may not be subjected to FED. R. CIV. P. 33  interrogatories. Therefore, the Court will follow the following procedure.

---

[7] Rule 7, entitled "Expansion of Record," provides:

(a) Direction for expansion. If the motion is not dismissed summarily, the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion.

(b) Materials to be added. The expanded record may include, without limitation, letters predating the filing of the motion in the district court, documents, exhibits, and answers under oath, if so directed, to written interrogatories propounded by the judge. Affidavits may be submitted and considered as a part of the record.

(c) Submission to opposing party. In any case in which an expanded record is directed, copies of the letters, documents, exhibits, and affidavits proposed to be included shall be submitted to the party against whom they are to be offered, and he shall be afforded an opportunity to admit or deny their correctness.

(d) Authentication. The court may require the authentication of any material under subdivision (b) or (c).

[8]If trial counsel concedes that he was instructed to file a notice of appeal within the applicable time period but did not do so or consult with St. Jean about the decision, then it would appear that the next step would simply be determining what relief is required. See United States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003)("Courts granting relief for a successful section 2255 motion challenging counsel's ineffectiveness in not pursuing a direct appeal have used either the resentencing remedy, or the more limited remedy of entry of a new judgment. We have given a district court the choice of remedies.")(citations omitted).

13

Pursuant to Rule 7, St. Jean shall answer under oath, with thirty (30) days of this Decision and Order, the following **interrogatories**:

1.  Following your sentencing, state the date, place, and mode of your request of trial counsel that he file a notice of appeal.

2.  At any time did following your sentencing, did you have any discussion with trial counsel regarding an appeal of your conviction or sentence?

3.  If the answer to the preceding interrogatory is "yes," state:

    a)  the date of the discussion;

    b)  the place/mode of the discussion

    c)  the substance of the discussion; and

    d)  whether you agreed not to appeal your conviction or sentence, or agreed that such an appeal would be fruitless.

With the filing of the answers to these interrogatories, St. Jean may file any additional affidavits or evidence that support his contention, and may submit a five (5) page memorandum of law addressed to the question of whether or not, based upon his answers and other evidence, additional fact finding is necessary.  The government is granted leave to submit, thirty (30) days following St. Jean's submissions, a five (5) page memorandum of law addressed to the same question and, if it should desire, any factual affidavits or evidence rebutting the Petitioner's answers to the propounded interrogatories and evidence (including an affidavit from trial counsel).

## III.   CONCLUSION

For the reasons set forth above, St. Jean's motion pursuant to 28 U.S.C. § 2255 is **DENIED *except* as to the claim that his trial counsel was constitutionally ineffective for failing to file a timely notice of appeal**.  On this remaining claim, St. Jean shall,

14

within thirty (30) days of this Decision, file answers to the propounded interrogatories and any additional affidavits or evidence that support his claim.  He may also submit a five (5) page memorandum of law addressed to the question of whether, based upon his answers and other evidence, additional fact finding is necessary.  The government is granted leave to submit, thirty (30) days following St. Jean's submissions, a five (5) page memorandum of law addressed to the same question, and, if it should desire, any factual affidavits rebutting the Petitioner's answers to the propounded interrogatories.

**IT IS SO ORDERED**.

DATED:September 23, 2008

Thomas J. McAvoy
Senior, U.S. District Judge