IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

                                  3: 06-CR-414   [TJM]

    v.

EDOUIN ST. JEAN,

        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF THE SUPERVISED RELEASE TERM

      Dendendant has filed a motion seeking an order from this Court that would terminate early his supervised release term. The government objects. We recommend that the Court deny defendant's request for early termination of supervised release.

      On October 20, 2006 in connection to Information 3:06-CR-414, defendant waived indictment by a grand jury and entered a plea of guilty to Count 1 of the Information which charged defendant with Traveling With Intent To Engage In Illicit Sexual Conduct With A Minor pursuant to Title 18 U.S.C. 2423(b). In pleading guilty to Count 1 of the Information, defendant also entered into and executed a written plea agreement with the government which is binding upon defendant. The plea agreement was filed with this Court on the date of defendant's plea and during the plea proceedings.

      In that written plea agreement, defendant agreed to numerous facts, sentencing factors, provisions of law, and also agreed to a waiver of appeal and collateral attack, as they relate to his guilty plea to count 1. In that plea agreement, defendant also agreed and stated that in September of 2006, defendant did in fact communicate by way of computer and the internet, as well as

1

telephonically, with a 16 year old female minor.  Defendant admitted that during the time frame of the communications, defendant was residing and located in the state of Massachusetts and the female minor was residing in Tompkins County, New York.  Defendant admitted that during the communications with the minor, defendant claimed and pretended to be 19 years old, when in fact he was 40 years old, and defendant used an alias, "Steven", when communicating with the minor.  Defendant admitted that he knew that the female minor was less than eighteen years of age.  Subsequent to the internet and telephonic communications with the 16 year old minor, on September 28, 2006, defendant traveled in his personal vehicle from the state of Massachusetts to Tompkins County, New York for the express purpose of engaging in illicit sexual conduct with the 16 year old female minor.  On September 28, 2006, defendant met with said 16 year old minor in Tompkins County, New York and did engage in sexual conduct with said minor.  Defendant, who was a 40 year old man, enticed a 16 year old minor to engage in sex with him.  He then drove several hundred miles across state lines to actually have sex with the minor that he enticed.

  Also in that plea agreement, defendant agreed to waive the right to appeal his conviction and also waived the right to appeal or collaterally attack any sentence of imprisonment of 70 months or less.

  This Court sentenced defendant to 70 months incarceration and 15 years of supervised release.  Defendant commenced his term of supervised release in 2011.  He has been on supervised release for approximately 6 years.

  Sometime after pleading guilty, defendant filed a 2255 motion and made several allegations against his trial attorney from the NDNY FPD.  Defendant accused that attorney of coercion and deception.  Defendant did this in order to attempt to get this Court to set aside his

sentence and conviction.  In that 2255 motion, this defendant intentionally fabricated false charges against his trial attorney and made false allegations against that attorney in an attempt to "pull one over" this Court.  This defendant intentionally made false sworn statements to this Court in order to attempt to deceive this Court.  Defendant's deceptive tactic of lying to this Court by falsely accusing trial counsel shows his true nature.  Defendant does whatever he needs to do and says whatever he needs to say in order to advance defendant's interest.  He did that when he convinced and enticed that 16 year old minor and he did that when he made false statements to this Court in his 2255 motion.  Defendant's character is one of deception.

    The government opposes defendant's motion for early discharge of supervised release. Defendant was convicted of a serious offense involving the sexual exploitation of a minor. During his communications with the minor, defendant intentionally misrepresented his identity and age in order to more easily persuade the minor to communicate with him and also to hide his true identity from the minor in case she contacted law enforcement.  These actions, on the part of defendant, indicate that he is capable and willing to employ deception when it suits his needs. Additionally, defendant's crime was committed when he actually traveled from Massachusetts to New York state.  It took a great deal of motivation to actually drive several hundred miles to have sex with the minor.  And at the time that defendant committed these acts, defendant was not some very young man whose judgment skills were still developing.  Instead, defendant was a grown 40 year old man.

    Defendant's serious crime against a minor coupled with his audacious attempts to deceive this Court with his previous 2255 filing are extremely concerning and are a strong indicator that deception comes very easily to this defendant.

The government strongly opposes defendant's motion for early termination of supervised release.


Dated: October 30, 2017                        Sincerely,

                                               Grant C. Jaquith
                                               Acting United States Attorney

                                                       /S/
                                               By: Miroslav Lovric
                                               Assistant U.S. Attorney

CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM

      I hereby certify that on October 30, 2017, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

                                              /S/
                                           Miroslav Lovric
                                           Assistant U.S. Attorney